## SUPREME COURT.

### THE FARMERS' BANK OF SARATOGA COUNTY agt. EDWARD MERCHANT, HENRY MERCHANT, STEPHEN MERCHANT and ALBERT MERCHANT.

A seizure and sale of land under an execution, does not divest the estate of the debtor, unless *the purchase money is paid and a deed delivered.*

Therefore, an *answer* to a complaint for setting aside a deed as fraudulent, which avers that, subsequent to the alleged fraudulent conveyance, the sheriff, by virtue of several executions, one of them in favor of the plaintiffs, against the defendants, sold all their right and title to the premises mentioned in the deed to a purchaser for $200, and that the time allowed by law to redeem the premises had expired, and no redemption had been made, is bad on demurrer. It is insufficient, because it does not appear that the sale had ever been completed by the payment of the purchase money and a delivery of a deed.

*It seems,* that a defence of this kind is unavailable in an action against the defendants to set aside the deed as *fraudulent.* They must stand or fall by the validity of the deed which has passed between them and the purchaser.

*Saratoga Special Term and Circuit, Jan.,* 1856.

DEMURRER to answer.

The complaint alleges a judgment in the supreme court, recovered against the defendants Henry and Edward Merchant, of $683.14, on a demand arising on contract, on the 15th of October, 1853, and docketed in Saratoga county, the issuing of an execution to that county, and the return of the sheriff, that nothing could be found to satisfy any part of it. That defend-

ants Henry and Edward, on 22d March, 1853, owned and possessed real estate in Saratoga county of the value of almost $12,000; that on or about the 20th May, 1853, they fraudulently conveyed the same by deed to the other defendants, Stephen and Albert; that the deed was without consideration, and made and executed, and delivered, and received, for the express purpose of hindering and delaying and defrauding the plaintiffs and other creditors of the said Edward and Henry.

The defendants in their first answer deny the fraud: in the second they allege,—1st. That on the 25th June, 1853, one Henry Sherman recovered a judgment against defendant Henry Merchant for $81.76. 2d. That on the 26th August, 1853, said Sherman recovered a judgment against Edward Merchant for $71.31. 3d. That on the 29th June, 1854, the sheriff of Saratoga, under and by virtue of executions issued to him upon the plaintiffs' and Sherman's judgments, sold all the right and title of defendants Henry and Edward to the lands mentioned in the complaint, to one Hawley, for the sum of $200, and that the time allowed by law to redeem the premises has expired, and no redemption has been made.

To this answer the plaintiffs demur for insufficiency.

JOHN O. MOTT, *for plaintiffs.*
GALE & ALDEN, *for defendants.*

C. L. ALLEN, Justice. The defendants contend, that by the sale of the land under plaintiffs' executions, as well as those of Sherman to Hawley, the lien of the plaintiffs under their judgment was extinguished. The cases in 4 *Hill,* 544, and 2 *Wend.* 297, decide, that when a sale of real estate has taken place under several executions, the lien is gone as to all the judgments, and that the junior judgment-creditor has no right to redeem, although nothing was made to apply on his execution. And the defendants insist that the sale of the land was a sale of the lien, and that it vested in the purchaser after the time for redemption had expired. The defendants, I think, have not averred sufficient facts in their answer to avail them-

selves of this point, even if it were tenable as between the parties to this action. A seizure and sale of land under an execution does not divest the estate of the debtor, unless the purchase-money is paid and a deed delivered. It is true, the deed, when executed, relates back to the time of sale and purchase, and that the purchaser, after the time for redemption has expired, is entitled to his deed. But the answer does not aver the *important fact* that the sale to Hawley was completed by payment of the money—the amount bid. (*Catline* agt. *Jackson*, 8 *J. R.* 520; 2 *id.* 248; *Shepard* agt. *Rowe*, 14 *Wend.* 260; 4 *Hill*, 619.)

For aught that appears by the answer, the sale may never have been completed to Hawley : that is, the money may never have been paid, or any certificate of sale executed to him, and yet the whole answer be true. The property may have been struck off, but the purchase afterwards abandoned; and yet it would be true to say that the time for redemption had expired, and no redemption made. The answer is clearly insufficient for these reasons.

But independently of this, I am of opinion that the defendants cannot avail themselves of this defence in an action against them, to set aside the deed as fraudulent. They must stand or fall by the validity of the deed which has passed between them. When the plaintiffs come in contact with Hawley, or in conflict with his title, it will be a matter between them. It is enough that they have a right to ask that the cloud fraudulently interposed by the defendants be set aside. Without, however, further considering this point, it is sufficient that the present answer is defective. A judgment must be ordered for plaintiffs on the demurrer, with leave for defendants to amend on payment of $22 costs.