## HALL *vs.* THOMAS.

Where the land of M. had been sold under a judgment and execution in favor of B., and been bid off by H.; and T. as the assignee and owner of a subsequent judgment against M., for the purpose of redeeming the premises from the said sale, presented to, and left with, the sheriff, as evidence of his title to the junior judgment, his own affidavit that he was owner and assignee thereof, and a paper purporting to be an assignment of the judgment, from the plaintiffs therein, to him, which paper was not verified by the affidavit of any one; and there was nothing in T.'s affidavit by which the paper was identified as the instrument under which he claimed to own, and hold, the judgment; *Held* that this was not the evidence required by the statute, from a creditor coming to redeem; and that the sheriff had no power to convey the title to the premises, upon it, to T.

THIS was an action of ejectment brought to recover possession of certain lands situate in Steuben county. The cause was referred to a referee, who found the following facts: On the 8th of August, 1850, one Flavel W. Morrow was owner of the premises in question, and on that day a judgment was docketed in Steuben county in favor of one George A. Bush, against said Morrow and others, for $379.69. On the 12th of August, 1850, an execution was issued on said judgment to the sheriff of Steuben county, by virtue of which the sheriff sold the premises to the plaintiff on the 28th of February, 1851. On the 23d of November, 1850, Thomas J. Boyd and Stephen Paul recovered a judgment against said Morrow for $99.25, which was docketed in said county on the 27th of November, 1850, which thereby became and was a lien upon said premises. The defendant being the owner of said judgment by assignment, at the proper time paid to the sheriff of said county, the sum necessary to redeem said premises and acquire the rights of the purchaser, and at the same time presented to, and left with said sheriff, a copy of the docket of said last mentioned judgment, duly certified, with the original assignment of said judgment to him, with the affidavits attached, a copy of which affidavit was set out in the report of the referee, and was as follows:

---
Hall *v.* Thomas.
---

[Title of cause.]

" Judgment rendered against the defendant and in favor of the plaintiffs in the above entitled action, in the city and county of New York, for $99.25, and docketed there and perfected November 23, 1850, and docketed here in Steuben county, November 27, 1850.

State of New York, Steuben county, *ss.* Charles D. Thomas being duly sworn, says that he is the owner and holder of the above mentioned judgment, being sold and assigned to him on the 21st day of May, 1852, by Thomas J. Boyd and Stephen Paul, the above named plaintiffs in the above mentioned action and judgment, creditors of Flavel W. Morrow, the above named defendant, and named in the copy of the judgment hereunto annexed; and that the true sum due on said judgment at the time of claiming the right to acquire the title of Samuel Hall, the original purchaser at the sheriff's sale of the real estate of Flavel W. Morrow, is ninety-nine dollars and twenty-five cents, with interest from the 23d day of November, 1850.    CHARLES D. THOMAS."

Sworn to, May 26, 1852.

Afterwards, and on the 1st of June, 1852, the said sheriff executed and delivered to the defendant a deed of said premises pursuant to said sale and redemption, which deed was duly recorded, December 28, 1852, and under which the defendant claimed title to said premises.  On the 29th of July, 1853, the said sheriff executed and delivered to the plaintiff a deed of the same premises, upon the same sale, under which last mentioned deed the plaintiff claimed title to said premises.  Upon these facts, the referee found and held as a conclusion of law, that the said affidavit of the defendant was defective in not verifying the assignment as required by law, and that his redemption was irregular, and he therefore got no title by the sheriff's deed to him, and for that reason the sheriff's deed subsequently given to the plaintiff conveyed the title.  He therefore reported that the plaintiff was entitled to recover the possession of the premises, and damages for

the withholding of such possession. From the judgment entered upon that report, the defendant appealed.

*Geo. B. Bradley*, for the appellant.

*Joseph Herron*, for the respondent.

*By the Court*, JOHNSON, J. The only evidence which the defendant presented to, and left with, the sheriff, of his title to the judgment under which he claimed the right to redeem, was his own affidavit that he was owner, and assignee, and a paper purporting to be an assignment thereof from the plaintiffs therein to him. This paper was not verified by the affidavit of any one, and there is nothing in the defendant's affidavit by which it is identified as the instrument under which he claims to own, and hold, the judgment. This clearly was not sufficient. It is not the evidence required by the statute, from a creditor coming to redeem ; and the sheriff had no power to convey the title to the premises upon it, to the defendant. The statute requires a true copy of all the assignments necessary to establish the claim, verified by the affidavit of the party claiming, or some witness to the assignment. The referee has found, from the evidence before him on the trial, that the paper purporting to be an assignment, left with the sheriff, was the original assignment, by the plaintiffs in the judgment, to the defendant. But there was no such evidence before the sheriff. The statute contemplates the exhibition of the evidence of the claimant's right, under the sanction of his oath, or the oath of some subscribing witness, so that the purchaser or officer may see from the papers presented and verified, that the right and claim are well founded. Had the paper purporting to be an assignment been verified by the defendant's affidavit, or identified as the assignment executed to him, under which he claimed, it would doubtless have been equivalent to a verified copy, and have fulfilled the statutory requisition. The original is the best evidence, and *includes a*

copy. But the sheriff could not dispense with the verification required by statute. It is an essential part of the evidence of right, and nothing else can be substituted for it, by the redeeming creditor. (*Waller* v. *Harris,* 7 *Paige,* 167; *S. C. in error,* 20 *Wend.* 555. *The People* v. *Covell,* 18 *id.* 598. *Butterfield* v. *Howe,* 19 *id.* 86. *Ex parte Bank of Monroe,* 7 *Hill,* 177. *Silliman* v. *Wing, Id.* 159. *The People* v. *Fleming,* 2 *Comst.* 484.) As the defendant was not entitled to redeem, upon his papers, he took nothing by his deed. The deed executed by the sheriff afterwards, to the plaintiff, vested the title in the latter, and the action is well brought. The defendant's deed, having been executed by the sheriff, without any power or authority to execute it, was void, as against the plaintiff's deed, and it was not necessary to have it set aside, or canceled, by action, before bringing an action to recover possession of the land. The judgment must therefore be affirmed.

[MONROE GENERAL TERM, March 1, 1858. *Welles, Smith* and *Johnson,* Justices.]