Wood *v.* Moorhouse.

------

CHARLES T. WOOD and FREDERICK F. WOOD, by EMMA WOOD, his guardian, *v.* SOMERS MOORHOUSE, AMASA P. HART, LEVI CARRIER, JAMES F. SIMONS, AMOS HUNTLY, CYRUS JEWETT and others, Respondents.

(GENERAL TERM, FIFTH DISTRICT, DECEMBER, 1869.)

An execution was issued to the sheriff in September, 1838 ; on the 26th of the same month, he caused notice of the sale of certain real estate, belonging to the judgment debtor, for the 1st November ensuing, to be inserted in a newspaper, printed in the proper county, and continued once a week, for six successive weeks, and sold said property under the execution, at an adjourned day of sale.   The judgment debtor died in October, 1838.—*Held,* a valid sale, as against the heirs-at-law of the judgment debtor, notwithstanding the latters death pending the advertisement.

Notices of the sale were posted by the sheriff for a shorter time than directed by the statute ; the plaintiff in the execution purchased at the sale, without knowledge of the irregularity, for less than his judgment, and assigned the certificate, for a valuable consideration ; and the same was several times further assigned to assignees for value and without notice ; and within fifteen months after the sale, the last assignee, who was also owner by assignment of a judgment lien on the property, redeemed the premises, and obtained a sheriff's deed therefor.   In 1843, a mortgage, executed in 1835, upon the property, was foreclosed, the property sold, and the purchaser entered at once into possession, and continued to occupy through those claiming under him at the time of this suit. The heirs-at-law of the judgment debtor, the eldest of whom, at the time of his death (October 1838), was seven years of age, not being made

Wood v. Moorhouse.

parties to the foreclosure, brought this suit, in 1862, to redeem the property from the said mortgage.—*Held*, the plaintiff's title in the property had been divested by the execution sale, redemption, and deed thereon, and the complaint was properly dismissed.

It seems, the purchaser at the execution sale; though plaintiff in the execution, was not chargeable with notice of the irregularities in the sheriff's proceedings under the execution.

And it seems, although the court may, on motion, set aside the sale for such irregularities, and order another, yet, when the party injured delays until the sale has been consummated, or until the time for making a motion has gone by, the purchaser, although plaintiff in the judgment, must be considered a *bona fide* purchaser, under § 40, 2 R. S., 369.

And if not a *bona fide* purchaser, it seems, if he has assigned the certificate, or a redeeming creditor has acquired his interest for value paid, the judgment debtor cannot assail the title of such purchaser, or creditor, by reason of defects or irregularities in the proceedings to sell.

It seems that every person buying at a sheriff's sale, for the purpose of satisfying an honest debt, is a *bona fide* purchaser.

It seems that the statute relating to the time and manner of giving notice is directory merely; and non-compliance with its provisions does not vitiate the sale; and if mandatory, the remedy is by motion.

That where a sale is made in violation of law, *e. g.*, at a time before sunrise, &c., the purchaser will be presumed to know the law, and though he acts in good faith, that it is not in accordance therewith; otherwise, however, where the sheriff's proceedings have been irregular. In the latter case, the purchaser is at liberty to presume that the officer has discharged his official duty.

It seems where a sale is irregular, for the reasons mentioned, an application to set it aside after the debt is discharged by the statute of limitations, and the plaintiffs are chargeable with gross *laches*, comes too late.

*Held*, further, that it would be presumed in favor of the proceedings on the redemption in question, that the money was paid by the redeeming creditor to the purchaser, creditor, or officer making the sale, as required by §§ 59 and 60, 2 R. S., 373.

Also, that such creditor had produced a certified copy of the judgment on which he redeemed, together with a verified copy of the assignment, or an affidavit of the amount due (§ 60).

Also, that such creditor had caused the execution of all assignments of the certificates to be acknowledged, or proved as deeds, as required (Id. 297, § 69), and to be filed in the office of the county clerk.

On the 5th October, 1835, the premises in question in this suit were owned by Daniel Kellogg. On that day he conveyed them to Richard S. Corning, taking from the latter a

mortgage on said premises to secure $7,656.08 of the pur-
chase money, payable in six equal annual installments, with
interest.

On the 2d December, 1837, Corning conveyed said premi-
ses to Theodore and Junius Wood, subject to said mort-
gage.

In May, 1836, said Kellogg died, leaving a will, in which
Leitch, Kellogg and Comstock were appointed executors.

The will was duly proved, and the executors took upon
themselves the duties of said trust.

In December, 1841, said executors commenced an action in
chancery to foreclose said mortgage, and such proceedings
were had in said action that judgment of foreclosure was
entered, and by virtue thereof, said premises were sold by one
of the masters of said court, on the 22d April, 1843. Leitch,
one of the executors, became the purchaser at said sale, and
received the master's deed of the premises.

Corning, Sophronia Wood, executrix of Theodore Wood,
Junius Wood, Harry Raynor, and Willet Raynor, were the
only defendants in the action.

Theodore Wood, one of the tenants in common of the
premises, died in October, 1838, owning one-half thereof, and
leaving him surviving his widow, Sophronia and Charles T.
and Frederick L. Wood, his children and only heirs-at-law.
Said Wood left a last will, whereby he devised all his real
estate to his two sons, subject to the dower of his widow
therein.

By the will, the executors were authorized to sell so much
of his real estate as should be necessary to pay his debts after
applying the personal estate; and the residue of his estate,
after the debts were paid, was to be divided among his
heirs according to the laws of the State.

At the time of the death of said Theodore Wood, the said
Charles T. and Frederick L. were minors, the former being
seven and the latter six years of age.

Leitch, immediately after his purchase of said premises,
went into possession under the title acquired by his purchase

at the master's sale, and he and those claiming under him viz.: the defendants Moorhouse, Hart, Carrier, Simons, Huntly and Jewett, have ever since been in possession, and received the rents and profits thereof.

On the 1st January, 1838, a judgment was recovered in the Supreme Court by Timothy Pratt, against Baker, Brackett and Theodore Wood, for $2,000.

In September of the same year an execution issued on the same judgment to the sheriff of the county of Oswego, who, on the 26th of that month, caused a notice, dated on that day, to be published in a newspaper printed in said county once in each week, for six successive weeks, that said premises would be sold to satisfy said execution on the 1st November then next, at ten A. M., at Fulton.

Notices of said sale were not posted in three public places in said town six weeks before the day of sale, but they were posted for more than five weeks before such day of sale.

On the 10th November said premises were sold by the sheriff, and bid in by said Pratt for $600, and the sheriff executed and delivered to him a certificate of said sale; a copy thereof was filed in the clerk's office of Oswego county, and the sheriff's fees, poundage, &c., paid by said Pratt.

The said certificate came through several assignments made for a valuable consideration from Pratt to Henry Davis, Jr., and without notice to any of the assignees that the notices of the sale had not been duly posted.

On the 7th May, 1838, Horace White recovered a judgment in the Supreme Court against Theodore Wood for $263.93, which judgment said White assigned to said Davis.

Before the expiration of fifteen months from the sale on the Pratt judgment, and while one Johnson held the certificate of the sheriff of said sale, said Davis redeemed the said premises from said sale, paying Johnson the amount necessary to be paid for that purpose, and obtained a deed from the sheriff.

On the 4th February, 1863, the said Frederick L. Wood died intestate, leaving Charles F. Wood, his only heir-at-law,

him surviving, who was substituted as plaintiff in the action for said Frederick, the original plaintiff.

Sophronia Wood, the widow of said Theodore, died before this suit was commenced.

The judge before whom this cause was tried, held the foreclosure invalid as to the plaintiffs, but that their title was divested by the sale on the execution, redemption, and deed to Davis, and dismissed the complaint with costs, as to all the defendants but Monroe; as to him, without costs.

The object of the action, which was commenced May 9, 1862, was to redeem from the mortgage from Corning to Kellogg, above described.

*W. and A. B. Porter*, for the appellants.

*D. Pratt*, for the respondent.

Present—BACON, FOSTER, MULLIN and MORGAN, JJ.

By the Court—MULLIN, J. The heirs of Theodore Wood were indispensable parties to the action to foreclose the mortgage given by Corning to Kellogg; and not having been made such, the foreclosure as to them was of no force or effect whatever. (Story's Eq. Pl., 196.)

The plaintiff's right to redeem, therefore, is perfect if their title was not cut off by the sale under the Pratt judgment, the redemption by Davis, and conveyance by the sheriff.

The grounds relied on to invalidate the sale, and subsequent proceedings of the sheriff, and the proceedings to redeem, are:

1st. That the sale on the execution was after the death of Theodore Wood, and such sale, though on process issued before his death, does not divest the title of his heirs. They must have notice of any proceeding that is to produce such a result.

2d. The sale to Pratt was void, because the notices were not posted for six weeks prior to the sale.

3d. The proceedings by Davis to redeem were inoperative, and hence no redemption was effected.

4th. The deed to Davis is void, because the execution of the assignment of the certificate to him was not proved, or acknowledged, nor was a copy filed in the clerk's office.

If the plaintiff's counsel is right in these propositions, the judgment is wrong, and should be reversed.

I will examine these propositions of the counsel in the order in which they are stated above.

1st. Did the sale on the execution, after the death of Theodore Wood, if regularly conducted on the process issued in his lifetime, divest the title of his heirs in the lands sold?

At common law, the death of a defendant, after judgment and execution, did not operate to stay proceedings on the writ as against either personal or real property. (Graham s Practice, 2d ed., 350; Tidd's Pr. 915.)

There is nothing in the provisions of the Revised Statutes, in force when this execution on which the sale was made was issued, changing the common law rule as to the effect of death after judgment and execution issued. See the views of SAVAGE, C. J., in *Nichols* v. *Chapman* (9 Wend., 452).

If the execution could not be executed, it must have been because of the death, and a *scire facias* was necessary to either revive the judgment, or to obtain execution upon one already entered.

If a *scire facias* was necessary, the heirs or terre tenants of judgment debtors, when land was desired to be sold, were necessary parties. But neither by the common law, nor by the Revised Statutes, was a *scire facias* given in such a case as this. (Tidd's Pr., 1007, 1056, 1059; Graham's Pr., 806 to 815.) The plaintiff could enforce his judgment in all respects as if the defendant was living.

2d. Was the sale to Pratt void, because notices of the sale were not posted in three places in the town for six weeks before the day of sale?

It was provided by the 2 R. S., § 49, 618, 4th ed., in force when the sale in question was made, that the omission of any sheriff to give the notice of sale required by law, or the taking down, or defacing of any such notice, when put up, shall

Wood *v.* Moorhouse.

not affect the validity of any sale made to a purchaser in good faith, without notice of any such omission or offence.

Section 46 (2 R. S., 4th ed., 617), imposes a penalty of $1,000 upon any officer selling without notice, or in any manner other than as directed by law.

Section 48, p. 618, 4th ed., gives a penalty of fifty dollars against any person convicted of taking down, or defacing notices of sale.

These provisions dispose of the objection of the plaintiff's counsel, provided Pratt was a purchaser in good faith without notice.

The judge finds that he purchased without notice of the irregularity of the posting of the notice, and it only remains to inquire whether he was a purchaser in good faith.

Pratt was plaintiff in the judgment, and as such chargeable with notice of all errors and irregularities in the judgment or in the execution. This was held as long ago as 1804, in *Simmonds* v. *Catlin* (Col. & Cai. Cases, 346). As to all such defects he cannot claim to be a purchaser without notice, and hence in one sense not a purchaser in good faith.

But as to irregularities in the proceedings by the sheriff to sell, he is no more chargeable with notice of them than a stranger to the action.

It is true the court may, on motion, set aside the sale on account of such irregularities and order another. And this in all cases' may be done after purchase by a person not a party to the judgment. But when the party injured lies by until the sale has been consummated, or until the time for making a motion has gone by, the purchaser, although plaintiff in the judgment, must be treated as a *bona fide* purchaser. (*Mohawk Bank* v. *Atwater*, 2 Paige, 54 ; *Jackson* v. *Newton*, 18 J. R., 355; *Cunningham* v. *Cassidy*, 17 N. Y., 276.)

But if he is not, and if he has assigned the certificate or a redeeming creditor has acquired his interest for value paid, then the defendant, the judgment debtor, cannot assail the title of such purchaser or creditor, by reason of defects or

irregularities in the proceedings to sell.    (*Jackson* v. *Rose-velt*, 13 J. R., 97 ; 8 J. R., 361 ; 13 J. R., 536.)

In *Olcott* v. *Robinson* (20 Barb., 148), the question of the validity of the sale of real estate, without compliance by the sheriff with the requirements of the statute as to notices of sale, was presented, and the sale held void because of defect in the notice.

It does not appear in that case whether the plaintiff was the plaintiff in the execution on which the sale was made; but it does appear that the defendant was the purchaser at a sale on a previous judgment of the same premises.

This judgment was reversed in the Court of Appeals (21 N. Y., 150), expressly on the ground, that the sheriff had given the notice required by law.

In neither the Supreme Court nor the Court of Appeals, was § 49 above cited, referred to, or commented on.

If I am right in supposing that covers just such a defect as was insisted on in that case, it was decisive of it.    But the Supreme Court seem to have considered the statute as imperative and not directory, and hence a failure to comply with it fatal to the title.    Such a construction would be fatal to half the sales of property made.    Instead of requiring a defendant to take advantage of irregularities in sales promptly, it enables him to lie by until ejectment is brought against him, even till near the running of the statute of limitations, when the witnesses being dead and the evidence of the proceedings lost, he may insist on the defects in the proceedings to sell and defeat the purchaser's title.

The language of § 49 protects *bona fide* purchasers without notice.

A *bona fide* purchaser is one who purchases for an honest, legitimate purpose, as contradistinguished from one who purchases for some fraudulent or improper purposes; and hence every person buying at a sheriff's or constable's sale for the purpose of satisfying an honest debt is a *bona fide* purchaser.

One who buys and pays nothing is not in any legal sense a

purchaser. But satisfying an execution to the extent of the bid, is such a payment as constitutes the creditor a *bona fide* purchaser; especially must this be true, after twenty years have elapsed, the lien of the judgment gone and the debt itself satisfied by mere lapse of time.

No court would assume at this late day to revive the lien of the judgment and enforce it against the land.

The statute (2 R. S., 5 ed., 658, § 98), expressly forbids such interference as against subsequent *bona fide* purchasers or incumbrancers.

I am of opinion that the statute prescribing the manner of selling personal or real estate is, as to most of its provisions, merely directory. And non-compliance with them does not affect the title of a purchaser.

When a sale is made before sunrise, or after sunset, when real and personal property are sold together, or personal, consisting of a variety of articles, is sold as one parcel, the purchaser, though he purchases in good faith, is presumed to know the law, and that such sales are in violation of law.

But whether the sheriff has posted and published the notice of sale for the time required by law, he cannot ordinarily know, and he has no means afforded him by which he can inform himself on the subject; he must act, therefore, upon the presumption of the proper performance of official duty.

The counsel for the plaintiff insists that Pratt did not pay the sheriff his fees upon the sale to him of the land.

The referee finds that Pratt did pay to the sheriff his fees, poundage and expenses in making the sale. This finding of facts, is in the findings signed by the judge, but is not included in those set out in the case. The former controls us, there being no exceptions to it by the plaintiff.

The finding is doubtless by mistake, as the evidence is without contradiction that the fees, &c., were not paid. I do not deem it very material whether they were or were not paid, and shall not take time to discuss it further.

I am, therefore, of opinion: 1st. That Pratt must be held

to have been a purchaser, in good faith, without notice of any defect in the notices of sale.

2d. That the statute relating to the time and manner of giving notice, is directory merely, and non-compliance with its provisions does not vitiate the sale, and if it was mandatory, the remedy was by motion.

3d. That if Pratt was not a *bona fide* purchaser, those who purchased from him, and paid value, are to be deemed *bona fide* purchasers, and not having notice, are protected by § 49, above cited.

4th. That the sale, if it was irregular when made, cannot now be set aside, as the judgment is barred, and the debt discharged by the statute of limitations, and the plaintiffs are chargeable with gross *laches*.

3d. Were the proceedings of Davis to redeem the premises from the sale on the Pratt judgment inoperative ?

The defects in the proceedings to redeem, relied on by the defendant's counsel, are :

1st. The money was paid to Johnson, the assignee of the certificate, whereas it should have been paid to the purchaser, creditor, or officer making the sale.

2d. Davis did not produce a certified copy of the judgment on which he redeemed, together with a verified copy of assignment, or affidavit of amount due.

It was incumbent on the defendant to prove compliance with the statute, if he relies on the redemption, and the proceedings to redeem are not proved by recitals in the sheriff's deed.

To entitle a person to redeem premises sold on execution, by the statute (2 R. S., 2d ed., 295, §§ 59 and 60), he was required to pay the money to the purchaser, creditor, or officer. And there was no provision permitting payment to any one else.

It was, of course, necessary that some one or more persons should be designated, to whom payments not only might, but must be made. Persons desiring to redeem from such redeeming creditor, should know to whom they can pay, and not be left to incur the risk of finding who may be the assignee of

the certificate of sale. I think, therefore, that payment to Johnson was not a compliance with the statute.

There is no proof that Davis ever presented to Johnson a copy of the docket of the White judgment, under which he proposed to redeem; or copy of the assignments of such judgment, verified by affidavit; or an affidavit of the amount due thereon, as·required by § 60 above cited.

It is proved that Davis had assignments, signed by Pratt, and those acquiring title to the certificate under him ; that he held the assignments of a judgment against Theodore Wood·in favor of White; that he presented to the sheriff such evidence of his right to redeem as satisfied the sheriff that he was entitled to redeem ; but what evidence was presented to him is left unproved, and must be proved, if at all, by presumption in favor of the due performance of official duty.

But that is not enough ; the sheriff cannot dispense with any of the requirements of the statute. (*Hall* v. *Thomas,* 27 Barb., 55.)

It has been held, that the production of the certificate to the sheriff, duly assigned, is a sufficient payment of the amount paid, to the purchaser at the sale. As owner of the certificate, he, and not the purchaser, is entitled to the money paid to redeem. (4 Hill, 608 ; 1 Denio, 239 ; 2 Hill, 51.)

The evidence thus given, slight as it is, should perhaps be sufficient.

After an adverse possession of twenty years, in conformity with the deed from the sheriff, the law presumes in favor of the occupant, that the steps necessary to be taken to entitle the holder of the sheriff's certificate, or redeeming creditor to a deed, had·been taken. This presumption is essential to the security of titles.

It is not the presumption of due performance of official duty merely, but it is that, together with the presumption of loss of evidence by death, destruction of papers, and other casualties. The authorities are collected in 1 Cow. and Hill's

Notes, 355 to 367, and fully authorize the presumption after so great a length of time.

Davis and Johnson are dead, and the papers are lost or destroyed. A better illustration cannot be furnished, than this case affords, of the injustice of permitting the title of those in possession to be overhauled after a long acquiescence in the validity of the title; every presumption must be in their favor.

This brings me to the fourth, and only remaining question; whether Davis did acquire a valid title to the land as assignee of Johnson, who owned the certificate of sale through several mesne assignments from Pratt.

To entitle Davis to a deed as assignee of the certificate, the statute (2 R. S., 2d ed., 297, § 69) required that he should cause the execution of all assignments of the certificate to be acknowledged, or proved, as deeds are required to be acknowledged, or proved, and to cause such assignments and certificates of proof to be filed in the county clerk's office.

The Court of Errors, in *Waller* v. *Harris* (20 Wend., 555), and the Court of Appeals, in *The People* v. *Ransom* (2 Coms., 490), held this provision mandatory, and of course non-compliance is fatal to the title.

There is no proof, that the assignments were ever acknowledged, or proved, or filed in the clerk's office.

I am of opinion that Davis is not shown, by the evidence, independent of the presumption entitled to a deed.

But the presumption, which I attempted to show under the preceding point, is permitted to be raised, authorizes us to hold that the acts required to be done, to entitle Davis to a deed, were properly performed.

The sale on the judgment being regular, and the time allowed to the debtor to redeem having expired, the plaintiffs have no interests in the premises, unless it may be the naked fee. There is now no right of redemption from the sale on the judgment; and under such circumstances, they have no claim to relief against the defendants, who entered under the

purchase at the sale on the foreclosure, and who have been holding under that title for more than twenty years.

The judgment should therefore be affirmed. All the judges concurring, the judgment was affirmed.