66 215
4ap197
66b 215
38 Mis⁷657

## DAVID O. HOLMAN *vs.* HORACE HOLMAN.

Real estate was sold, by the sheriff, on execution, March 28, 1833. The sheriff's certificate bore date on that day, and recited the sale as of that day. The sheriff's deed erroneously stated the sale to have been on the 28th of *July*, 1833. No other judgment was shown to have been recovered, and no other sale was had, and the recitals in the deed and certificate described the same judgment, and the same sale. *Held* that this error did not invalidate the deed, but must be disregarded, and effect given to the deed.

Where there has been a judgment, execution, levy and advertisement in the lifetime of the judgment debtor, a sale after his death is authorized, and effectual to pass his title in property so levied on in his lifetime.

A sheriff's certificate, after a general description of the lands of the debtor, contained this clause: "embracing all of said lands of said D. H. *but* the widow's *thirds*, which the law gives, according to law." *Held* that the exception was unnecessary; that subject to the widow's life estate, the sheriff could sell the right, title and interest of the debtor in his whole real estate; and such was the effect of the sale evidenced by the certificate. That the words in the exception were not to be held as inserted in the certificate to save any part of the premises from the sale, but rather to declare that the widow was entitled to enjoy her dower in the premises notwithstanding the sale.

A deed contained a clause declaring that the grantor conveyed the premises "subject to a *claim* that the heirs of D. H., deceased, have by virtue of a will made," &c. *Held* that the clause did not contain words of reservation in the grantor, of any title in the granted premises; the words used neither expressly or by fair interpretation, recognizing an outstanding title in the devisees. That the deed divested the grantor of the legal estate, and passed his right, title and interest, whatever that was, at the time of the execution of the conveyance.

The real estate of H. was sold on execution, by the sheriff, on the 28th of March, 1833, to B., who received a certificate of the sale. The premises were conveyed to him, by the sheriff, on the 6th of Oct., 1834. On the 8th of April, 1834, and before the expiration of the fifteen months allowed to the debtor for redemption, and before B. received his deed from the sheriff, B. conveyed the premises to the defendant, by deed. This deed was recorded in 1847. On the 12th of April, 1856, B. conveyed the same premises to the plaintiff.

*Held*, 1. That the deed from B. to the defendant might be regarded as an assignment of the sheriff's certificate—as a transfer of the equitable interest of B. in the premises, acquired by reason of the bid and payment to the sheriff, at the time of the sale, of the amount bidden for the premises.

2. That the debtor's interest, right or title passed by the sheriff's deed to B., which deed, by relation, operated to vest in B. that title, interest and right as of the 28th of March, 1833, the day of the sale; and, that being so, that

the deed from B. to the defendant, executed on the 8th of April, 1834, carried that right, title and interest to the latter.

3. That such deed having been recorded, the defendant held that title and interest, and consequently B. had no title, interest or right in the premises, to convey, at the time he executed the deed to the plaintiff, of April 12, 1856.

4. That although B. upon his purchase of the premises, at the sheriff's sale, took the title when he was an executor or trustee, yet he acquired the title which the sheriff's deed passed, subject to the right of the *cestuis que trust,* to satisfy and confirm that title, or to compel the conveyance thereof, by the trustee, upon a proper case being made, in a court of equity, for that purpose.

5. But that no complete determination of the rights of B. could be had in an action at *law,* against the defendant, his grantee, to which B. was not a party.

6. That the plaintiff, at the commencement of this action, was not seised in fee of the premises, and had no title to them which, at law, he could assert as the foundation of his right to recover the possession of the premises from the defendant.

To enable a *cestui que trust* to repudiate and avoid a sale made by the trustee, he must apply within a reasonable time after notice ; or his right of repudiation will be gone.

THIS is an action for the recovery of the possession of the premises described in the complaint, and for damages for withholding possession.

By stipulation made by the respective parties, the case was transferred from the circuit, to be heard at this special term.

David Holman, jun., died in September, 1832, having made his will, which was admitted to probate in November, 1832, wherein he appointed Albert Burnett and another, executors and trustees.

The Paris Company recovered a judgment against the deceased, in his lifetime, and an execution was issued and his real estate advertised, in his lifetime, and sold after his death, by the sheriff of Oneida county, and bid in by Burnett. The sale was on the 28th of March, 1833. The sheriff's deed to Burnett was dated October 6, 1834, and embraced the premises in question. The sheriff's certificate recites the sale as of the 28th of March, 1833, and bears date March 28th, 1833, and cer-

tifies that the time to redeem would expire 28th of June, 1834. The deed recites the sale correctly as to judgment and parties, and covers substantially the same premises, but erroneously names the day of the sale as having been July 28, 1833, instead of 28th of *March,* 1833.

Burnett conveyed to the defendant, by quitclaim deed, the premises, on the 8th of April, 1834, that being prior to the expiration of fifteen months from the day of sale, and prior to the actual execution of the sheriff's deed to Burnett. Subsequent to such conveyance, to wit, on the 12th day of April, 1856, Burnett conveyed the premises to the plaintiff.

The plaintiff and a brother and sister were the devisees named in their father's will, who, by the terms thereof, would take the premises if the same passed under the will of D. Holman, jun., deceased; and the brother and sister quitclaimed to the plaintiff, before this action was commenced.

The premises in question were, in proceedings for the admeasurement of dower, assigned to the widow of the testator, D. Holman, jun., and by her occupied till her death, which occurred in 1869. Subsequent to her death, the defendant entered into possession and held them at the time of the commencement of this action. The value per year was agreed to be $87, on the trial.

*Nathan Whiting,* for the plaintiff.

*S. S. Morgan,* for the defendant.

HARDIN, J. From the evidence offered at the trial it is manifest that the premises were levied upon, and advertised, by the sheriff of Oneida county prior to the death of David Holman, jun., and were sold on the execution and judgment of the Paris Company; and that such sale took place on the 28th of March, 1833; and

that sale was the one upon which the deed made by the sheriff to Burnett was founded. No other judgment was shown to have been recovered, and no other sale was had, and the recitals in the deed and certificate describe the same judgment and the same sale. The misstatement of the day of sale, found in the deed, did not invalidate the deed, or justify an inference that any other sale was referred to than the one named in the certificate of the sheriff, nor warrant a finding that the sale referred to was not the one named in the certificate.

The error of the deed, in respect to the recital of sale, must therefore be disregarded, and effect be given to the sheriff's deed. (5 *Barb.* 56. *Wood* v. *Moorhouse*, 1 *Lans.* 405.)

There having been a judgment, execution, levy and advertisement in the lifetime of the judgment debtor, David Holman, jun., a sale after his death was authorized, and effectual to pass his title in property so levied upon in his lifetime. (1 *Lans.* 406.)

It was insisted by the plaintiff's learned counsel that the sheriff's certificate expressly excepts the lands in question from the sale made by him.

The language relied upon, following a general description of the lands of the debtor (which would embrace these premises,) is as follows : " embracing all of said lands of said David Holman, jun., *but* the widow's *thirds*, which the law gives, according to law." The exception was not necessary. The sheriff could not sell the "thirds" of the widow. She was entitled to enjoy, during her life, that portion of the premises of her husband which had been set off to her in the admeasurement proceedings. She had a life estate in the premises; but subject to that life estate, the sheriff could sell the right, title and interest of the debtor in his whole real estate ; and such was the effect of the sale evidenced by the certificate in question.

The words were not inserted in the certificate to save any part of the premises from the sale, but rather to declare that the widow was entitled to enjoy her dower in the premises notwithstanding the sale referred to in the certificate.

The clause in the deed from Burnett to the defendant which declares that "the party of the first part conveys the above mentioned premises subject to a *claim* that the heirs of D. Holman, jun., deceased, have by virtue of a will made," does not contain words of reservation in the grantor, of any title in the granted premises.

The deed must be considered in all its parts. It does not by its terms attempt to limit the estate conveyed, or the title to be passed. The words are general and effectual to divest the grantor of the whole estate, title and interest; and the words quoted may be considered rather in the nature of a notice to the defendant, the grantee, that no assertion was made by the grantor that the premises were free of any and all claim on the part of the children named in the will as devisees. The words quoted do not expressly or by fair interpretation recognize an outstanding title in the devisees.

The *title* conveyed is only made "subject to a *claim* * * the heirs have by virtue of a will," &c. The grant divested Burnett of the legal estate; it passed the right, title and interest of the grantor, whatever that right, title or interest was, at the time of the execution of the conveyance.

The deed of Burnett having been made to the defendant before the sheriff's deed had been executed to Burnett, it is now insisted that it passed no title to the defendant; and that whatever title Burnett took by virtue of the sale and sheriff's deed remained in Burnett until he conveyed by a deed executed to the plaintiff December 12, 1856. If the dates of the conveyances as stated in the respective deeds control, in point of time, their legal effect, then the proposition put forth in be-

half of the plaintiff is correct and controlling, and justifies the plaintiff in asserting title to the premises.under the sheriff's deed.

Certainly the deed of Burnett to the defendant was given to pass the interest which Burnett supposed he had acquired in virtue of the sale on the judgment. The premises are identified in that deed as "the premises bought at auction or vendue;" and it appears, by the evidence, that the defendant, as well as Burnett, supposed that the deed embraced the premises named in the certificate of the sheriff for which Burnett afterwards received the sheriff's deed.

The deed might be regarded as an assignment of the certificate, as a transfer of the equitable interest of Burnett in the premises, acquired by reason of the bid and payment to the sheriff at the time of the sale, of the amount bidden for the premises.

That deed of April, 1834, was recorded in 1847, and was therefore constructively known (if not before actually) to the plaintiff.

By fiction of law, the deed taken by Burnett from the sheriff relates to the time of sale on the execution. The doctrine of relation is too well established to be questioned; and a citation of authorities where it has been applied is all that will be needful to show its application to the deed of the sheriff to Burnett. It has repeatedly been held applicable to a sheriff's deed made under circumstances not wholly unlike those surrounding the deed under consideration. (2 *Washburn on Real Property, pp.* 276, 278, 279. *Jackson* v. *Bull,* 1 *John. Cas.* 90, *and note a. Noah* v. *Stagg,* 2 *John.* 250. *Jackson ex dem. Noah* v. *Dickenson,* 15 *id.* 309. *Jackson* v. *McCall,* 3 *Cowen,* 80. *Cook* v. *Travis,* 20 *N. Y.* 400, 402.)

But it is insisted that section 61 of the statutes (2 *Stat. at Large, p.* 387) controls, and declares that the title of the debtor shall not be divested by the sale, until the expiration of fifteen months from such sale, except for

Holman *v.* Holman.

an action for injury to the real estate so sold. In support of this proposition no authority, other than the statute, has been cited by the plaintiff's counsel. None has been found construing the statute according to the plaintiff's position. But on the contrary, several cases have arisen since the passage of section 61, (in 1836,) asserting the doctrine of relation, and applying it to cases occurring since the passage of the statute. It was conceded, in *Wright* v. *Douglass*, (3 *Barb.* 554,) to exist, by Gridley, J. That case was subsequently considered in the Court of Appeals, and the doctrine of relation distinctly asserted by Gardner, J., in the opinion delivered by him, demonstrating the effect of a sheriff's deed made long after the sale upon which it was predicated. There full effect was given to the sheriff's deed, although it, by relation, cut off an intermediate title upon which the party sought to hold the premises. (*S. C.*, 2 *N. Y.* 373. *See also Reynolds* v. *Darling*, 42 *Barb.* 422; *Farmers' Bank* v. *Merchant*, 13 *How. Pr.* 10.)

By section 62 of the revised statutes (2 *R. S.* 38) it is provided that the sheriff shall make a conveyance at the expiration of 15 months from the sale, if any part of the premises remains unredeemed, to the purchaser, and that "such conveyance shall be valid to convey *all* the right, title and interest *which* was *sold* by such officer."

These two sections must be construed together, and full effect given to their provisions.

The debtor's interest, right and title passed by the sheriff's deed to Burnett, which, as we have seen, by relation operated to vest in Burnett that title, interest and right as of the 28th of March, 1833. And that being so, the deed of Burnett carried that right, title and interest to the defendant in this action.

The deed having been recorded, the defendant holds that title and interest, and therefore Burnett had no title, interest or right in the premises, to convey, at the time of the execution by him of his deed to the plaintiff,

bearing date April 12, 1856. The plaintiff cannot there-
fore be said to have acquired, under the judgment and
sheriff's deed, a title to the premises, in virtue of which
he can maintain this action; and so far as the right of
the plaintiff to recover rests upon title derived through
the judgment and sale and sheriff's deed, it must be
denied.

It is claimed, in behalf of the plaintiff, that Burnett
being a trustee or executor at the time of his purchase
at the sheriff's sale, acquired no title.

The general doctrine of the disabilities of trustees to
profit out of the property of the *cestui que trust* is cor-
rectly quoted and invoked to aid the plaintiff in avoid-
ing the sheriff's sale. This rule of *equity* has been well
settled and established by the cases cited by the learned
counsel of the plaintiff, but none of the cases justify the
court in holding, as matter of law, in an action at law,
that no title passed under the sheriff's deed to Burnett.
That Burnett took the title when he was an executor
and trustee may be conceded; but nevertheless he
acquired the title which the sheriff's deed passed, sub-
ject to the right of the *cestui que trust* to ratify and
confirm that title, or to compel the conveyance thereof
by the trustee, upon a proper case made in a court of
equity, for that purpose. (*Hawley* v. *Cramer*, 4 *Cowen*,
718. *Torrey* v. *Bank of Orleans*, 9 *Paige*, 663; *S. C.*, 7
*Hill*, 260. *Slade* v. *Van Vechten*, 11 *Paige*, 20. *Jewett*
v. *Miller*, 10 *N. Y.* 402. 5 *Abb. N. S.* 315.)

In *Gardner* v. *Ogden*, (22 *N. Y.* 327,) the doctrine
was reasserted, and it was there held that the trustee
must *reconvey*, or account for the value of the land
taken by him. In that case, which was a suit in equity,
the trustee was required to reconvey the lands which he
held unsold, and to account and pay over the proceeds
of the parcels which he had sold prior to the commence-
ment of the action.

If this were a suit in equity, against Burnett, brought

soon after he acquired title under the sheriff's deed, that case would be an authority justifying a decree against Burnett requiring him to convey to the *cestui que trust*, or to account for the avails of any sale made by him. And it is probable that the defendant in this action, having taken the title with notice of the trust relations of Burnett, and especially "subject to the claim" of the children named in the will of David Holman, jun., deceased, if also made a party to such suit, would have been compelled to convey the premises to the *cestui que trust;* and the amount he paid to the trustee might have been declared a lien upon the premises in his favor.

But this is an action at law, against Horace Holman, only ; the trustee, Burnett, is not a party to this action, and no complete determination of his rights can be had, in this action, because he is not a party to it.

The Code (§ 122) authorizes the court to order other parties to be brought in, when a complete determination of all the controversy between the parties cannot be had without their presence. But is this a case where the plaintiff would be entitled to relief, if this was an action in equity, and Burnett was a party?

It is not necessary to determine that question; but it may be proper to state that no order is made to bring in Burnett, and to turn this action into one in the nature of an equity bill, for the reason that grave doubts exist as to the right of this plaintiff to maintain an action of the kind in equity.

The plaintiff has suffered more than twenty years to elapse since he became of age, and since his right to call upon the defendant to convey accrued.

There is no proof of actual fraud, on the part of the defendant.

"Such sales are not absolutely void, unless there be actual fraud on the part of the purchaser, and may therefore be confirmed by the heirs and legatees, or by long acquiescence." "A constructive trust will be

barred by long acquiescence, although the ground of relief originally, was clear, and even arose in fraud." (*Tiff. & Bul. on Trustees*, 151, 152, *and cases cited.*) It was held, also, in *Hawley* v. *Cramer* (*supra*,) that if the application is not made in a reasonable time, it will be considered as waived and abandoned. (*See opinion of Walworth, C. J., p.* 473, *and cases there cited.*)

The general proposition seems to be that the *cestui que trust* must repudiate and avoid the sale within a reasonable time after information, or his right of repudiation will be gone. (*Law of Trusts and Trustees, p.* 148.)

This case, however, will be disposed of as a law action; and if the plaintiff shall be advised that his remedy in equity still remains, he can seek an opportunity to avail himself of it by taking a new trial under the statute, and an amendment of the pleadings in such manner as to present the proper issues for an examination in equity of his rights and interests, if any, in the premises.

It follows from the views already expressed that at the commencement of this action the plaintiff was not seised in fee of the premises, and that he had no title to them which at law he could assert as the foundation of his right to recover the possession of the premises from the defendant.

The action being a substitute for the former action of ejectment, the plaintiff must stand or fall on the strength of his legal title.

The conclusions already expressed lead necessarily to findings of fact upon which the conclusions are:

1st. That the plaintiff is not the "owner or seised of the premises" described in the complaint.

2d. That the defendant is not wrongfully in possession thereof, and does not wrongfully withhold the same from the plaintiff.

3d. That the defendant is entitled to judgment, with costs of the action.

Judgment accordingly is ordered.

[ONEIDA SPECIAL TERM, October 29, 1872. *Hardin,* Justice. Affirmed at a General Term in the 4th Department, December 29, 1873, *Mullin, Talcott* and *E. D. Smith,* Justices, upon the above opinion of the Special Term.]