---

LEWIS J. PHILLIPS, Respondent, *v.* SAMUEL SCHIFFER, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, MARCH, 1873.)

The recital in a sheriff's deed of real property sold under execution, of the issuing of the execution, is not, *it seems*, sufficient proof of that fact in favor of the purchaser.

But where the sheriff also testified that the writ was issued and delivered to him, and that he made the sale under it, and produced his register, in which official entries had been made by him of the issuing of the writ cotemporaneously with its issue, some forty years previously, and there had been uninterrupted occupation under his deed for nearly the same time,—*Held*, the proof was sufficient to sustain a finding of the issuing of the writ.

Neglect of the sheriff to return the execution does not affect rights acquired by purchasers at a sale regularly made under it.

The principal object of the act of 1835 (chap. 189) was the protection of sheriffs by creating a statutory mode of evidencing the claims of assignees of their certificates of sale, without which they could not be *compelled* to convey to such assignees. The sheriff may waive the protection, and if he does so and conveys to an actual assignee, the title of his grantee will not be affected by omission to prove and file the assignment of the certificate.

APPEAL from judgment entered on report of referee.

*M. A. Kursheedt,* for the appellant.

*Isaacs & Sanger,* for the respondent.

Present—INGRAHAM, P. J., DAVIS, J.

DAVIS, J.   This action was brought to compel the specific performance of a contract for the sale of three lots on the south-east corner of Eighty-seventh street and Fifth avenue. The defendant refused to accept the conveyance; on the

grounds, first, because there was no legal evidence, by record or otherwise, that any writ of *fieri facias* had been issued to the sheriff upon the judgment under which the premises purported to have been sold; second, that the sheriff's deed to Harriet M. Wisewall was invalid because executed before said Wisewall had caused the assignments to herself and to other intermediate assignees to be acknowledged or proved and filed, in accordance with the provisions of section 2 of chapter 189 of the Laws of 1835; third, that the sheriff acted without authority of law in executing the deed of the premises to Harriet M. Wisewall, inasmuch as it appears by the certificates of sale that he sold the premises to Daniel Robert and Isaac H. Underhill, there being no legal evidence, of record or otherwise, proving any assignments of the certificates of sale from Robert and Underhill to Mrs. Wisewall. It was admitted by defendant that the plaintiff's title appeared on the records to be perfect in all respects, except for the defects thus specifically pointed out.

It appeared by the testimony of Jacob Westervelt that in 1832 and 1833 he was sheriff of the city and county of New York; that he acted as sheriff in making a sale of the premises on a *fi. fa.*, issued to him out of the Superior Court of the city of New York on the 24th of December, 1832, on a judgment at the suit of *Benjamin Brewster* v. *The New York and Harlem Spring Water Company*, in an action of assumpsit, for $384.10. The register then kept by the witness as sheriff was produced; and the entries therein, which he testified were made at the time of receiving the execution, were read, showing in substance the facts above stated.

Two certificates of sale executed by him were also produced and proved, which recited the sales under the *fi. fa.*, and the purchase by Robert and Underhill, respectively, of parcels of said premises. These were executed on the 25th day of February, 1833, and filed March 6, 1833.

A deed, bearing date the 28th day of May, 1835, by Westervelt, as late sheriff, to Harriet M. Wisewall, was put in evidence. This deed contained full recitals of the *fi. fa.* in

the suit above mentioned; of the sale on the 25th of February, 1833, of the premises; the purchase by Robert and Underhill respectively; the assignment by Robert and Underhill, severally, of their right, title and interest in the several lots and in the certificates of sale to Enoch Wisewall and Francis Price; the subsequent assignment of Wisewall to Price, and the assignment by Price to Harriet M. Wisewall on the 26th day of May, 1835. Each of the several assignments is recited to have been made "by an instrument in writing, under the hand and seal" of the assignor; and all, except the one to Mrs. Wisewall, bore date prior to May, 1835. The sheriff's deed was in due form and properly acknowledged. None of the assignments appear to have been filed in the office of the clerk of the city and county of New York, and none of them were produced. The sheriff testified that he always required the production and proof of assignments before he conveyed lands sold by him on execution to an assignee, and would not have recited the assignment in a deed unless the fact of assignment had been satisfactorily proved to him; that the certificate and assignment were delivered to him, and that it was not his custom to keep or file them, and that he destroyed the assignment after the deed was executed and delivered. The writ of *fieri facias*, under which the sale was made, could not be found in the office of the clerk of the Superior Court, and no entry of its return or of satisfaction appeared on the docket of the judgment. The sheriff also gave evidence tending to show that it was not returned; and proved that the deputy sheriff, in whose particular charge it was put, was "a careless man," and was dead, and that he did not return the writ to the sheriff. By sundry mesne conveyances the plaintiff acquired the title of Harriet M. Wisewall.

On this evidence the referee found the issuing and delivery in due form to the sheriff of the *fi. fa.*, the sale thereunder, and the delivery of the certificates, the execution of the assignments to Mrs. Wisewall, and that the sheriff duly conveyed to her the premises sold; and the several other mate-

rial facts alleged in the complaint (of which due proof had been given), and decided as a conclusion of law that the defendant was bound specifically to perform the agreement, and that plaintiff was entitled to judgment accordingly.

Nearly forty years had elapsed between the delivery of the *fi. fa.* to the sheriff and his sale thereunder, and the making of the contract between the parties to this suit; and the deed of the sheriff was executed in May, 1835, since when the plaintiff and they from whom he derived title have enjoyed undisturbed ownership, having clear record title, except as affected by the defects alleged by the defendant. The facts of the case are to be looked at through the atmosphere with which the lapse of nearly forty years surrounds them. There was no dispute as to the recovery of the judgment in the Superior Court; but it is insisted that the execution by virtue of which the sale took place was not proved. Conceding that the recitals of the sheriff's deed are not sufficient proof on that subject (*Anderson* v. *James*, 4 Robt., 35; *Jackson* v. *Shepard*, 7 Cowen, 88), yet here was direct and affirmative proof by the sheriff that the recited writ was issued and delivered to him, and that he made the sales under it; and this proof was corroborated by the production of the official entries of the delivery of the execution, made cotemporaneously in the register of the sheriff. We do not think this proof falls within the cases cited. The neglect of the sheriff to return the execution, and its probable loss through the carelessness of his deputy, ought not to be held to affect rights acquired by purchasers at a sale regularly made under the writ. This would be to put titles acquired at sheriffs' sales at the mercy of the subsequent negligence of that officer. We think the first objection of the defendant was not well taken.

The second and third objections both relate to the assignments of the certificates of sale, and the failure to properly prove and file them. All the assignments, except the last, were made before the passage of the act of 1835. They were valid instruments when made, and undoubtedly carried to the assignees all the rights acquired, or evidenced, by the

certificates of sale. The act of 1835 did not in any wise invalidate those instruments; and the last clause of the second section of that act expressly provided that it should "not be necessary to have acknowledged the execution of any assignment" theretofore made. The act of 1835 took effect on the 22d day of May; and, as the sheriff's deed bears date on the 28th of May, it is more than probable that the provisions of the act had not come to the notice of the parties. However this may be, the act of the sheriff in executing the deed reciting the several assignments, and recognizing the rights of Mrs. Wisewall under them, must be deemed a waiver on his part of his right to insist on the proof of filing of those instruments. The principal object of the statute of 1835 was the protection of sheriffs by creating a statutory mode of evidencing the claims of assignees, without which a sheriff could not be compelled to convey to such assignee. The sheriff could waive the protection of the statute; and if he did so, and conveyed to an actual assignee, the title of his grantee would not be affected by the omission to prove and file the assignment of the certificate. ( *Wood* v. *Morehouse*, 45 N. Y., 368; *Bank of Vergennes* v. *Warren*, 7 Hill, 91; *Canfield* v. *Westcott*, 5 Cow., 269; *Chautauqua Bank* v. *Risley*, 4 Denio, 484; *People* v. *Ransom*, 4 Denio, 147.)

We do not consider the case of *The People* v. *Ransom* (2 Comst., 490) to hold any different rule. That case substantially holds that a sheriff cannot be compelled to convey without compliance on the part of an assignee with the statute of 1835; but it does not decide that a conveyance by the sheriff without such compliance would not carry a good title.

We are of opinion that the substantial contents of the several assignments were sufficiently and properly proved by the recitals of the sheriff's deed ( *Wood* v. *Morehouse*, 45 N. Y., 368); and that their execution and existence at and before the execution of the deed, and their loss or destruction, were satisfactorily shown by the sheriff. The findings of the referee were, therefore, sustained by competent evidence.

The judgment should be affirmed, with costs.