MARY C. HARGIN, as Administratrix, etc., of LETITIA C. BAKER, Deceased, Appellant, *v.* FREDERICK S. WICKS and Others, Respondents, and MARY C. HARGIN, Appellant.

*Execution — a sale in parcels waived, when not demanded — when the judgment debtor's successor in interest cannot attack it.*

The provisions of section 1437 of the Code of Civil Procedure, providing that where real estate offered for sale under an execution consists of two or more known tracts, lots or parcels, it must be sold in parcels, where such a course is required by the owner or by one who is entitled to redeem the premises, are merely directory in their nature; and where two lots have been sold together, with the knowledge of and without objection upon the part of the owner, the successor in interest of such owner cannot procure the sale to be set aside after a sale of the property has been made by the purchaser.

APPEAL by the plaintiff, Mary C. Hargin, as administratrix, etc., of Letitia C. Baker, deceased, and by the defendant, Mary C. Hargin, individually, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Onondaga on the 21st day of June, 1895, upon the report of a referee.

Plaintiff's complaint asks that the defendant Raynor be directed to execute a quit-claim deed to the plaintiff, conveying to her all the right, title and interest which the said Raynor acquired under a sheriff's sale mentioned in the complaint, and that the defendant Wicks may be adjudged and decreed to have held said premises in trust for the plaintiff, and that the defendant Raynor may be adjudged and decreed to hold the same upon a like trust, and that Mary C. Hargin, individually, may be adjudged and decreed to have no interest therein.

The action was originally commenced in the name of Letitia C. Baker, and after her death the court substituted Mary C. Hargin, the administratrix of her estate, as plaintiff and added Mary C. Hargin, individually, as a defendant, and allowed a supplemental complaint to be filed, and allowed the answers theretofore served to stand as answers to the supplemental complaint.

In her lifetime Letitia C. Baker claimed to be an owner of one undivided sixth part of farm lots 186 and 187 of the Onondaga Salt Springs reservation, a tract of land which contained about 130 acres,

and has already been the subject of considerable litigation. (See *Baker* v. *Oakwood*, 49 Hun, 416; S. C. affd., 123 N. Y. 16.) Prior to 1892 there had been recovered against her five judgments, one of $109.40 in favor of Imogene S. Granger, and one of a like amount in favor of Josephine Raynor, and one of $134.40 in favor of Josephine Raynor and others, and one of $125.85 in favor of Oakwood, and another of $92.99 in favor of Oakwood. All of these judgments were recovered through Frederick S. Wicks as attorney, except the last two, which were obtained through the firm of Green &. Comstock. Executions were issued on the four judgments first mentioned and put in the hands of the sheriff of Onondaga county against Mrs. Baker, who had no personal property, and an advertisement was caused to be posted and published by the sheriff to the effect that he would sell all the estate, right, title and interest which the said Letitia C. Baker had on the 10th day of October, 1887, or at any time thereafter, in the farm lots 186 and 187 of the Onondaga Salt Springs reservation in the city of Syracuse.

At the sale which took place on the 16th day of June, 1891, William G. Tracy bid the amount of the four judgments mentioned, and the sheriff's costs, and took a certificate from the sheriff. No redemption was made by Mrs. Baker, and in August, 1892, she executed a mortgage for $20,000, covering the premises in question, to William S. Andrews, who, by virtue thereof, redeemed from Mr. Tracy by paying what was due at the time of the redemption.

Subsequently Frederick S. Wicks redeemed under the Oakwood judgment of $92.99 docketed in Onondaga county on the 18th of October, 1888, he having become the owner of that judgment. On the 16th day of September, 1892, he paid to the sheriff the sum of $620.88, and delivered to him a copy of the docket of the judgment under which he redeemed, together with the assignment thereof and the affidavit required by the Code of Civil Procedure; the sheriff executed to him the usual certificate, and after the expiration of twenty-four hours, no other redemption having been made by any other party, the sheriff executed to Wicks, as such redeeming creditor, the usual deed of the premises.

It appears from the evidence that although Mr. Andrews had been the attorney for Mrs. Baker in the various actions in which the judgments in question had been obtained against her, " yet at this time he

had no recollection of the number of such judgments. By examining his own registers or the records of the county clerk's office this fact would undoubtedly have been called to his mind. Instead of making such an examination, however, he had an interview with Mr. Wicks." As to what took place at that interview there is conflict in the evidence.

*Knapp, Nottingham & Andrews,* for the appellants.

*W. G. Tracy,* for the respondents.

PER CURIAM:

Plaintiff is not in a situation to have the sale made by the sheriff set aside because the premises were not sold in parcels. Mrs. Baker and her attorney knew of the advertisement of the property and of the sale by the sheriff, and made no objection at the time of the sale or claim that it should be sold in parcels. Subsequently there was a redemption from the sale, and when such redemption was made Mrs. Baker and her attorney knew that the premises had not been sold in parcels, and apparently the mortgage under which the redemption was made described the property in the same manner as the sheriff's notice of sale.

Section 1437 of the Code of Civil Procedure, relating to the sale of real estate upon execution, is substantially like the provisions found in the Revised Statutes upon that subject, and is directory. The plaintiff in this action is not entitled to have the sale set aside after a conveyance thereof has been made to the defendant Raynor, because the sale did not take place in parcels. (*Mohawk Bank* v. *Atwater,* 2 Paige, 54; *Cunningham* v. *Cassidy,* 17 N. Y. 276; *Wood* v. *Moorhouse,* 1 Lans. 405; S. C. affd., *sub nom. Wood* v. *Morehouse,* 45 N. Y. 368.)

Nothing appears in this case to indicate that the judgment debtor was injured or prejudiced in any manner by the failure of the sheriff to sell the premises in question in parcels.

(2) The referee before whom the cause was tried held and decided upon the evidence "that the defendant Wicks was not estopped by anything said or done, or which he omitted to say or do, from making the redemption which he made." According to the evidence

the redemption was made by him in accordance with the usual rules and practices relating to redemptions, and the sheriff was, therefore, warranted in executing to him a deed of the premises, and he thus acquired title to the same which he conveyed to the defendant Raynor.

The referee has also found " that said Andrews was not misled by any false or fraudulent statements of said Tracy or Wicks, or either of them." Upon looking into the evidence we find that it is somewhat contradictory in respect to what transpired at the time of the interview between Wicks and Andrews, and applying to the evidence the rule that where there is a conflict, or where different inferences or deductions are to be made, the findings of the referee are to be accepted unless against the clear preponderance of the evidence, we are constrained to accept the findings of fact as stated in the decision made by the learned referee. The onus was very clearly upon the plaintiff to establish the essential facts upon which she predicated her right to relief. The referee has evidently failed to construe the evidence favorably to the plaintiff. After a patient study of the evidence, we are not inclined to overturn the deductions made by the referee from all the testimony offered before him. The foregoing views lead to an affirmance.

The judgment must be affirmed, with one bill of costs against the appellants.

Present — HARDIN, P. J., MERWIN and PARKER, JJ.

Judgment affirmed, with one bill of costs against the appellants.