Gardiner, J.
 

 In this suit the rights of the parties are to be determined by the condition of the title of the Towanda Bank to the premises in question, at the time when the attach
 
 *376
 
 ment was served, upon which the -judgment in favor of the plaintiff was recovered.
 

 The land had been sold under a judgment of the bank, upon the 6th of June, 1838, and bid in for the corporation. The time for redemption expired on the 6th of September, 1839. By the sale, and lapse of time, the judgment debtor was divested of all his interest in the premises—I say all his interest, because the legal title, which nominally remained with him, was subject to be withdrawn at any moment, with or without- his assent, at the instance of the vendee. The debtor had nothing to part with, and could convey nothing, which the deed of the sheriff, to which the bank was absolutely entitled, would not overreach and annul. It was this interest of the Towanda Bank which was seized upon the plaintiff’s attachment, sold upon his judgment against the former, and combed b3 the sheriff to the plaintiff, m February, 1844.
 

 The attachment authorized by the 16th section of the statute, directs the sheriff to attach “ all the
 
 estate, real and personal,
 
 of such corporation and by the second subdivision of the 27th section, he is directed to “sell so much of the
 
 attached property,
 
 real and personal, as may be necessary,” &c. (2
 
 R. S. 553, §
 
 16,
 
 3d ed.; 555,
 
 § 27,
 
 2d sub.;
 
 1
 
 id.
 
 750, § 10.) The statute, in terms, applies to an equitable, as well as a legal, interest in lands; to any estate, in a word, which may be denominated property.
 

 If nothing further had been proved, there can be no doubt that the plaintiff could have claimed the execution of a deed by the sheriff, as evidence of the previous sale to the Towanda Bank. The right of the latter to demand a deed of the officer, was incident to their interest in the land. The sale and purchase of that interest by the plaintiff under his judgment, was at least equivalent to an assignment of the sheriff’s certificate, for a valuable consideration. Equity would compel the execution of a deed under such circumstances, and if given voluntarily by the sheriff it is equally effectual as though its execution had been •compelled by a court of chancery. It is immaterial whether it was delivered to the Towanda Bank or not. It is sufficient if it was delivered to, or for the benefr: of the party, who had le
 
 *377
 
 gaily acquired their whole title to the premises embraced in the certificate. As the bank could not rightfully prevent such delivery, their assent was not necessary to its validity.
 

 If this view is correct, the plaintiff, by the proceeding upon the attachment together with the deed from the sheriff, was invested with a legal title to the premises which by relation took effect from the time of the sale upon the judgment of the bank, as against Dennis, and against his subsequent grantees. (3
 
 Cowen’s R.
 
 75; 15
 
 John.
 
 309.) If this had been all the evidence, the plaintiff would have been entitled to a verdict. The defendant, however, introduced a deed dated the 4th of December, 1839, from Dennis, the original judgment debtor, .and owner of the premises, to Dana. There is no evidence when this deed was delivered. If executed at its date, it must have been given after the right of redemption expired, and before the attachment of the plaintiff was levied upon the land in question. Its effect upon the rights of the parties presents the main question in the cause. It was produced by the defendant; its contents are not before us, and as the party making it evidence has not deemed it important to incorporate it in the bill of exceptions, no presumptions in his favor are to be indulged. . I assume "that it was a quit-claim, of all the right and title of the grantor to the grantee, for the nominal consideration of one dollar. If this was the character of the conveyance, Dana succeeded to the rights of Dennis, and nothing more. He was the attorney of the bank, in obtaining the judgment against his vendor and purchased not only with constructive, but actual notice of the rights of his clients. ' (2
 
 R. S.
 
 370, § 42.) He stood in the place of Dennis, and his rights were overreached and avoided by the title acquired by the plaintiff under the bank judgment. The plaintiff is, therefore, not under the necessity of insisting that Dana received this conveyance as the trustee of the Towanda Bank. He stands upon a paramount legal title.
 

 There is indeed not a shadow of evidence, tending to prove that the bank relinquished any right acquired under the sale upon their judgment, as a consideration of the conveyance to Dana; or that they authorized such conveyance or had any
 
 *378
 
 knowledge of it, until about the 15th of August, 1843, long after the corporation became insolvent, and when the arrangement for securing the Ithaca Bank was completed, and the tripartite deed was executed. On the contrary, it appears by the deposition of Ward, the treasurer of the corporation, that in 1841, eighteen months after the date of the deed from Dennis, Dana, the grantee, informed him that the Towanda Bank had an interest in the property ; and that his law partner subsequently sent him the certificate, which it is now insisted was annulled by that conveyance, as the evidence of that interest. It appears also that- moneys were sent from time to time by the bank to the partner of Dana, to
 
 apply
 
 upon the McVickar mortgage, which was a lien upon the premises. The president says, that as “he thought, after these
 
 payments
 
 not much if any thing was due.” This money was sent- -to discharge the mortgage, and yet we find Dana, on the 11th December, 1841, procuring an absolute assignment to himself without naming the bank, and without any knowledge by its officers of the transaction. No reason can be assigned why the bank should resort to the circuitous mode of obtaining the formal title, through a trustee, by a conveyance from the debtor, when a better, at all events an earlier title, could have been acquired by merely demanding of the sheriff the deed to which they were entitled. Again, if the deed to Dana was obtained by the procurement of the Towanda Bank, upon a consideration furnished by them, the act was a fraud upon its stockholders, and subsequent creditors. No trust would result in favor of the corporation, nor in favor of creditors, except those who were such at the time of the conveyance. (1
 
 R. S.
 
 728, §§ 51, 52; 4
 
 Denio,
 
 442.) A fraud of this kind is not to be presumed. It is far more probable that Dana purchased the nominal interest of Dennis on his own account, or for the benefit of the Ithaca Bank, for which he was attorney, with the design of subsequently negotiating with the Towanda Bank for its interest in the premises. When the deed was delivered to Dana, as we have said, does not appear affirmatively ; it was not proved until August, 1842 six months after the Towanda Bank had stopped payment. ' In July, 1843, the Ithaca Bank attached the premises as the prop
 
 *379
 
 erty of the foreign corporation, the process being served under the supervision of Dana, who went with the sheriff to the premises. No information of this proceeding was given to the corporation, for whom it is supposed he was trustee, nor of the suit instituted" by the plaintiff. Indeed the whole conduct of Mr. Dana is inconsistent with the idea that he supposed himself to sustain a fiduciary relation to this corporation. The case is destitute of all evidence to sustain a resulting trust in favor of creditors. And the défendant, who claims under the bank, as purchaser, is not at liberty to establish his own title by insisting upon a trust in favour of his grantor, void by statute and presumptively fraudulent as against creditors. The defendant makes no such claim; and' as I think, it is not necessary to be established by the plaintiff.
 

 An express trust, the defendants insist, has not been proved: and under the evidence it only remains to consider the effect of the conveyance from Dennis to Dana, upon the assumption that it was taken without the assent or knowledge of the Towanda Bank. The latter under such circumstances were at liberty to perfect their title by obtaining a deed of the sheriff, or they might turn Dana into a trustee for their benefit, and compel a conveyance from him in equity. In other words, a trust would result in their favor at their election, and not otherwise. If the tripartite deed is deemed evidence of such an election, the answer is, that the whole interest, legal and equitable, of the bank were bound by the attachment of the plaintiff which was levied long before its execution. Subsequent to which, the bank could not by then determining their election, give to a creditor at large an interest in this property, in derogation of the rights of their attaching creditors.
 

 The judgment must be reversed and a new trial granted.
 

 Judgment reversed.