Reynolds *v.* Darling.

New trial granted.

[MONROE GENERAL TERM, September 5, 1864. *Welles, J. C. Smith* and *E. Darwin Smith*, Justices.]

REYNOLDS, administrator &c. *vs.* DARLING.

Although a sheriff, who sells real estate upon execution, cannot execute a conveyance to the purchaser until after the expiration of fifteen months from the time of the sale, yet his conveyance, when made, is valid and effectual to convey all the right, title and interest which was sold by him, and however long after the time to redeem expires it is executed, it relates back, so as to convey all such right, title and interest.

How far these general rules are subject to qualification when the rights of third persons intervene.

In case the purchaser dies previous to the execution and delivery of the deed, by the sheriff, the same must be executed and delivered to the executors or administrators of the purchaser, who will hold the real estate so conveyed, in trust for the use of the heirs, and may maintain ejectment to recover the possession, without joining the heirs with them.

A sheriff's deed to the administrator of a deceased purchaser will convey to the grantee all the right, title and interest in the land which the sheriff sold, unless some third person has accquired rights which prevent the deed having that effect.

In the year 1843 a sheriff sold the land of J. upon execution, to R. and executed a certificate of the sale to R. At the time of the sale the statute only required that the certificate of sale should be filed in the office of the county clerk, and it was so filed, within the prescribed time. On the 12th of April, 1862, the sheriff executed a deed of the land, in conformity with his certificate, to the plaintiff, as administrator of R., who had died since the sale. In the meantime J. had sold the premises to T. D. & H. D., for a valuable consideration, and conveyed the same to them by deeds recorded in October, 1854, and September, 1858. T. D. & H. D. knew, at the times of their purchases, that there was a balance remaining unpaid upon the judgment against J. but they were not aware of the sheriff's sale.

*Held*, that T. D. & H. D. not having become purchasers of the land until

Reynolds *v.* Darling.

nearly twelve years after the docketing of the judgment under which the sheriff sold it, and then paying a good and valuable consideration therefor; purchasing in good faith and without knowledge of the sheriff's sale, and their deeds having been duly recorded before the sheriff executed the deed to the plaintiff; the conveyance so made by the sheriff to the plaintiff was, under the statute respecting the recording of conveyances, *void* as against T. D. & H. D. And this, whether section 282 of the code, respecting the lien of judgments, is an entire substitute for the revised statutes on that subject, or not.

A purchaser of real estate from a judgment debtor, more than ten years after the docketing of a judgment against him, is to be deemed a purchaser in good faith, unless he purchases with an actual fraudulent intent. Mere notice of the judgment, either actual or constructive, will not render the purchase *mala fide*.

THIS action was brought to recover the possession of a farm of land situated in lot No. 45 in the town of Hector, Schuyler county. It was tried at the December circuit in Schuyler county in 1863.

Richard Jackson had title in fee to the farm on the 29th day of September, 1842. It was then a part of Tompkins county. It was included within Schuyler county when that county was formed, in 1854. Jackson confessed a judgment, on the 29th day of September, 1842, in the Tompkins common pleas, in favor of Benjamin Reynolds, for $900 debt, and $11.50 costs, which was duly docketed on that day, in the office of the clerk of that county. On the 31st day of October, 1842, an execution was issued on the judgment to Edward L. Porter, sheriff of Tompkins county, by which he was directed to collect $483.26, that being the amount due on the judgment. Porter, as such sheriff, sold the farm, by virtue of the execution, on the 7th day of December, 1843, to Benjamin Reynolds, for $450. He then executed a certificate of the sale to Reynolds, which was filed in the office of the clerk of Tompkins county on the 15th day of December, 1843. The execution, with the sheriff's return thereon, was filed in the office of such clerk on the 28th day of December in the same year. The return on the execution was as follows viz : "Sold personal property October 13, 1843,

for $73.   Sold the first lot, 50 acres, for $200, to Benjamin Reynolds ;  75 acres of the second lot advertised, to Benjamin Reynolds, for $250, December 7, 1843.   Returned that I have made by sale of real estate and personal property, four hundred and eighty nine $\frac{88}{100}$ dollars, on the within writ ; and that I can find no more goods or chattels, lands or tenements of the defendant in my bailiwick, of which I can make the balance.        (Signed)        E. L. PORTER late sheriff."

Reynolds died intestate on the 8th day of November, 1844. He left, surviving him, a widow, Margaret Reynolds, and five children.   The age of the eldest was then 20 years, and that of the youngest about five years.   Letters of adminis-tration, on the estate of Reynolds, were issued to the plain-tiff by the county judge of Schuyler county, on the 4th day of April, 1862.   Porter, as late sheriff of Tompkins county, executed a deed of the farm, dated the 12th day of April, 1862, in conformity with his certificate of sale, to the plain-tiff as administrator, &c. of Benjamin Reynolds, deceased,

When Reynolds was on his death bed he told Jackson if he would secure $300, to be paid in three years, for the benefit of the family, it should pay the debt.   Jackson after-wards let the widow of Reynolds have a $100 note which he said he got of Darling.   But the widow testified that she took the same on the old debt, and not on the $300 agree-ment.   Jackson died in the fall of 1861.   Jackson and wife executed a warranty deed of ten acres of the land to Thomas and Henry Darling, dated April, 27, 1854, which was record-ed October 18, in that year.   Jackson and wife also executed a warranty deed of the residue of the farm to Thomas and Henry Darling, dated September 11, 1858, which was record-ed on the 25th day of the same month.   The Darlings paid Jackson $3453, in various ways, for the farm.   They knew before they purchased it, that there was a balance remain-ing unpaid upon the judgment in favor of Reynolds.   But they testified that they did not know of the sheriff's sale of the farm.

Reynolds *v.* Darling.

The defendant's counsel moved for a nonsuit on the grounds: 1st. That the deeds to Thomas and Henry Darling having been recorded before the sheriff's deed was executed or recorded, they took priority over it, and gave to the defendant the legal title. 2d. That the sheriff's certificate, filed in the clerk's office, was not notice to the defendant. 3d. That the defendant being in possession of the land, under a conveyance from Jackson for a valuable consideration, it was incumbent upon the plaintiff to show that the sheriff pursued all the requisites of the statute in effecting the sale, such as publication, &c. 4th. Also to prove the execution of the bond and warrant of attorney. 5th. That the statute makes the administrator a mere trustee for the heirs and widow; that he has no legal and equitable estate or interest in the lands, and therefore is not entitled to maintain this action.

The plaintiff's counsel insisted that the entry of the clerk on the docket of the judgment, of the issuing and return of the execution, was sufficient to put the defendant upon further inquiry as to what had been done under the execution.

The justice decided that the entry did not constitute such notice to the defendant. To which decision the plaintiff's counsel excepted.

The plaintiff's counsel further insisted that, at all events, the plaintiff was entitled to equitable relief, by requiring the defendant to perform the agreement between Jackson and the plaintiff's intestate. The justice decided that no such relief could be granted. To which decision the plaintiff's counsel excepted.

The justice then decided that the deeds to Thomas and Henry Darling having been recorded before the sheriff's deed to the plaintiff, took priority over the latter, unless the former deed was received with notice; and that he would allow the plaintiff to go to the jury upon the question of notice to the defendant of the sale under the judgment before the defendant purchased the land; and to introduce further evidence on the question of notice. But as the cause then

stood, he should nonsuit the plaintiff. The plaintiff omitted to give further evidence, and declined to go to the jury on the question of notice; and the justice nonsuited the plaintiff. To which decision the plaintiff's counsel excepted.

Judgment was suspended, and the justice directed that the plaintiff's exceptions should be heard in the first instance at the general term.

The plaintiff's counsel now moved for a new trial on the foregoing exceptions.

*Ferris & Dowe*, for the plaintiff.

*Dana, Beers & Howard*, for the defendant.

*By the Court*, BALCOM, J. A sheriff who sells real estate by virtue of an execution, cannot execute a conveyance to the purchaser until after the expiration of fifteen months from the time of the sale. But it is provided by statute that his conveyance, when made, is valid and effectual "to convey all the right, title and interest which was sold" by him. (3 *R. S.* 5th ed. 655, §§ 78, 79.) And how long soever it is executed after the time to redeem expires, it relates back, so as to convey all such right, title and interest. (*Wright* v. *Douglass*, 2 *Comst.* 373. *Cook* v. *Travis*, 20 *N. Y. Rep.* 400.) These are general rules; but we shall presently see whether they must not be qualified when the rights of third persons intervene.

In case the purchaser dies previous to the execution and delivery of the conveyance by the sheriff, the same must be executed and delivered to the executors or administrators of the purchaser; and the executors or administrators hold the real estate, so conveyed, "in trust, for the use of the heirs" of the deceased purchaser, "subject to the dower of his widow, if there be any;" but it may be sold for the payment of his debts, by the order of any surrogate or court of equity, in the same manner as lands, whereof he died seised. (3 *R. S.*

*5th ed.* 655, §§ 80, 81.) And it is provided by the code, that "an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted." (*Code,* § 113.) It follows, that the sheriff properly executed the deed of the farm in question, to the plaintiff, as administrator of the deceased purchaser, and that the action may be maintained by·him, if by any person claiming under the sale made by the sheriff; also, that the deed conveyed to the plaintiff all the right, title and interest in the farm, which the sheriff sold, unless the defendant has acquired rights that prevent the same having that effect.

At the time the sheriff sold the farm, the statute only required that his certificate of the sale be filed in the office of the clerk of the county; and it was so filed within the prescribed time. (3 *R. S. 5th ed.* 651, § 57.) The statute making it the duty of the clerk to record the certificate, was not passed until the year 1857. (*Laws of* 1857, *ch.* 60, § 1.)

I am inclined to the opinion that if the defendant had purchased the farm before the expiration of ten years from the recovery of the judgment, under which the sheriff sold it, (I mean at any time before the judgment ceased to be a lien on the farm,) he could not be regarded as a purchaser, in good faith, under the statute, (1 *R. S.* 756, § 1,) though his deed was first duly recorded, for he had notice of the judgment, which, as long as it was a lien on the farm, was notice sufficient to put him on inquiry as to all that had been done under the judgment. (*Williamson* v. *Brown,* 15 *N. Y. Rep.* 354. *Tuttle* v. *Jackson,* 6 *Wend.* 213. *Cook* v. *Travis,* 20 *N. Y. Rep.* 402, 403. 22 *id.* 387.) If this were not so, the defendant's deed would have been good, if he had taken it, and had had it duly recorded within the fifteen months after the sale by the sheriff, as against any conveyance the sheriff could have given immediately after the expiration of that period; for, as has been seen, the statute authorizing the

recording of the sheriff's certificate of sale, was not passed until 1857.

I confess, that without the aid of the act of 1857, injustice might be done, under the above mentioned rule, to purchasers of real estate at sheriffs' sales, when made within fifteen months next before the expiration of the lien of the judgments under which they are made.

The defendant did not become a purchaser of the farm until nearly twelve years after the docketing of the judgment, under which the sheriff sold it. He paid a good and valuable consideration therefor, and had no knowledge of the sale made by the sheriff, and was a purchaser in good faith. His deed was duly recorded before the sheriff executed the conveyance to the plaintiff; and under the statute respecting the recording of conveyances, the conveyance made by the sheriff to the plaintiff was void as against the defendant. (1 *R. S.* 756, § 1.)

The plaintiff's deed was void, as against the defendant, whether section 282 of the code, respecting the lien of judgments, is an entire substitute for the revised statutes on that subject or not, (*see* 2 *R. S.* 359, §§ 3, 4;) for it was held in *Little* v. *Harvey*, (9 *Wend.* 157,) that a purchaser of real estate from the judgment debtor, more than ten years after the docketing of a judgment against him, is to be deemed a purchaser in good faith, unless he purchases with an actual fraudulent intent. And that mere notice of the judgment, either actual or constructive, will not render the purchase *mala fide.*

The foregoing views, touching the validity and priority of the conveyances in question, are sustained by the reasoning of Judge Comstock, in *Cook* v. *Travis*, (*supra.*) He there said: "I think the title of the Youngs, under the Munn judgment, must yield, for the reason that the sheriff's deed to Barto was not recorded. As Barto did not appear, upon the records, to have any title or interest, his conveyance to the Youngs was not constructive notice. The Life Insurance

Reynolds *v.* Darling.

and Trust Company, on taking their mortgage, were not bound to search for conveyances from a person to whom there was no conveyance upon the record. The recording act, both in its letter and policy, seems to apply to the case. The sheriff sold the title of a judgment debtor under the oldest judgment. The deed given on that sale, over thirty years afterwards, may be allowed to have effect, by relation back to the time when it ought to have been given. But it was not recorded. The sheriff sold the title of the same debtor, on a younger judgment, and the deed was given, and put on the record. The sale and conveyance under the first judgment are therefore void, as against *bona fide* purchasers (including mortgagees) of the title derived from the same common source; all the conveyances in that chain of title being duly recorded. (1 *R. S.* 756, § 1.)

The decision in *Wright* v. *Douglass*, (*supra*,) is not in conflict with *Cook* v. *Travis*, or any of the foregoing views.

I have not deemed it necessary to comment upon the cases of *Jackson* v. *Terry*, (13 *John.* 471,) *Jackson* v. *Post*, (9 *Cowen*, 120,) or *Jackson* v. *Chamberlain*, (8 *Wend.* 620 ;) they have but little, if any, bearing upon this case; for the statute directing the sheriff to file in the office of the county clerk certificates of sales of real estate, made by him in virtue of executions, was not passed till the year 1820. (*Laws of* 1820, *p.* 167.)

My conclusion is, that the plaintiff's deed of the farm in question is void, as against those under which the defendant claims; and that, therefore, the plaintiff's motion for a new trial should be denied, with costs.

Decision accordingly.

[Broome General Term, November 15, 1864. *Campbell, Parker, Mason* and *Balcom,* Justices.]