John Ruyter, Respondent, *v.* Mary Birch Reid, Impleaded, etc., Appellant.

*It seems,* that where one is in possession of mortgaged premises, under some right or title, superior and adverse to the mortgage, the validity of that right or title cannot properly be determined in an action of foreclosure.

Where, however, no such right or interest is shown, and it appears the mortgagor was the true owner and in possession at the time the mortgage was executed and recorded, the possession will be deemed subordinate to that of the mortgagor.

*It seems,* that a party who has an interest in mortgaged premises anterior to that of the mortgagee, although made a party to the foreclosure suit, is not affected by a judgment of foreclosure, under the allegation in the complaint that he has or claims some interest subsequent to the lien of the mortgage.

In an action to foreclose a mortgage upon real estate in the city of Albany, defendant M., who was made a party individually and as executrix of the will of R. her deceased husband, claimed title superior to the lien of the mortgage. It appeared that the municipal authorities of said city at various times subsequent to the execution of the mortgage, sold the premises upon local assessments to R., issuing to him the usual certificates. Said defendant also gave in evidence two conveyances of the premises to R. by the county treasurer of Albany county, dated some years subsequent to the mortgage, which recited that they were executed on sales for unpaid water rates and taxes levied or charged upon the premises by the city. It also appeared that after one of the sales by the county treasurer, R. went into, and remained in possession until his death, and that thereafter up to the commencement of the action his widow was in possession. It did not appear that any of the taxes or assessments upon which the premises were sold were liens upon them at the time plaintiff's mortgage was recorded, or that the notice of sale required by the act

of 1874 (Chap. 356, Laws of 1874) "in relation to the redemption of real estate sold for the non-payment of assessments in the city of Albany," in order to cut off the lien of a mortgage had been given, or that M. had succeeded in any way to any title her husband had at the time of his death, or that she claimed or was entitled to dower in the premises. *Held,* that M., being in possession, was a proper party to the action; that she failed to show any right or interest in the premises entitling her to a dismissal of the complaint or any other relief; and that whatever right she had subsequent to the mortgage was barred by the judgment of foreclosure.

(Argued May 9, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made March 16, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts so far as material are stated in the opinion.

*James C. Matthews* for appellant. The appellant was not a proper party to the action. (Laws of 1850, chap. 86, §§ 50, 51; *Becker* v. *Howard,* 4 Hun, 360; 66 N. Y. 5; Blackwell on Tax Titles, chap. 38; Laws of 1870, chap. 77, §§ 6, 8; Laws of 1874, chap. 356.) It appearing by the plaintiff's and the defendant's evidence that the defendant and her estate were in possession of the property under valid titles, hostile and adverse to the mortgage, the complaint should have been dismissed as to her. (*Eagle Fire Ins. Co.* v. *Lent,* 6 Paige, 637; *Banks* v. *Walker,* 3 Barb. Ch. 450; *Goebel* v. *Iffla,* 111 N. Y. 170; *Lewis* v. *Smith,* 9 id. 502, 514; *Corning* v. *Smith,* 6 id. 82, 84; *M. Bank* v. *Thompson,* 55 id. 9; 85 id. 433.) The conflicting titles to the mortgaged premises involved a mixed question of law and fact, which was not triable in an equitable action of foreclosure. The appellant was entitled to a jury trial, and could not be deprived of that right in an equitable action where she was not properly joined as defendant. (*Jordan* v. *Van Epps,* 85 N. Y. 433; *Corning* v. *Smith,* 6 id. 84.) It was proper for the appellant

to take issue with the false allegation in the complaint as to her interest in the premises, even though not necessary to preserve her rights; and after issue she was bound to appear for her own protection. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Barnard* v. *Onderdonk*, 98 id. 158; *Goebel* v. *Iffla*, 111 id. 170.) The appellant being in possession under unrecorded deeds was morally, if not legally, bound to assert her title so that innocent purchasers at this sale should not be misled by the allegation of complaint and finding of referee that her title was subsequent and inferior. (*Goebel* v. *Iffla*, 111 N. Y. 170.)

*George H. Stevens* for respondent. George Turner was the owner of the bond and mortgage; the consideration received by him for assigning same was immaterial. (*Albrecht* v. *Davis*, 12 N. Y. S. R. 875; *Allen* v. *Brown*, 44 N. Y. 228; *Hays* v. *Hathorn*, 74 id. 489.) The motion for nonsuit was based on the ground that evidence showed that the interest or title of defendant Reid was paramount and superior to the mortgage, and that defendant refused to litigate her said interest, lien and ownership; it was properly denied. (Laws of 1874, chap. 356; *R. Hospital* v. *Dowlen*, 57 How. Pr. 489; Laws of 1883, chap. 298, § 42.) The defendant Reid's motion for nonsuit and dismissal of complaint at close of evidence was also properly denied by referee. The motion is based upon the ground that her title is paramount and superior to the mortgage, and cannot be litigated in this action. (*Remsen* v. *Wheeler*, 105 N. Y. 573; *Stuart* v. *Palmer*, 74 id. 183; *Ward* v. *Dewey*, 16 id. 522; *Cox* v. *Cleft*, 2 id. 118; Blackwell on Tax Titles, 161, 181; *People* v. *Hagadorn*, 104 N. Y. 516; 36 Hun, 610.) The defendant Reid was properly made a party to this action. (Code Civ. Pro. § 447; *Brown* v. *Volkening*, 64 N. Y. 76; *Fowler* v. *M. L. Ins. Co.*, 28 Hun, 195; *King* v. *Barnes*, 109 N. Y. 281; *Doherty* v. *Mastell*, 30 N. Y. S. R. 88; *Roosevelt* v. *Dowley*, 57 How. Pr. 489.) The judgment of foreclosure and sale should be affirmed. (*McConihe* v. *Fales*, 107 N. Y. 404; *E. I. S. Bank* v. *Gold-*

*man*, 75 id. 127.) The judgment for costs against defendant Reid individually should be affirmed. (Code Civ. Pro. §§ 1018, 3230; *O'Hara* v. *Brophy*, 24 How. Pr. 379; *Morgan* v. *Stevens*, 6 Abb. [N. C.] 356; *King* v. *Barnes*, 109 N. Y. 281.) The report of the referee does not state the amount due; and as there were non-appearing defendants, plaintiff's practice in applying for the relief demanded in the complaint was regular and proper. (*Hill* v. *McReynolds*, 30 Barb. 488.) The defendant's exceptions to the referee's report are without merit, and do not call for a reversal of either judgment. No requests to find were submitted by her. (*Warner* v. *Ross*, 47 Hun, 152.)

O'BRIEN, J. This was an action to foreclose a mortgage made by one Wickes March 1, 1874, to secure the payment to one Turner of the sum of $1,200 and the interest thereon, in five years from the date thereof, upon certain premises in the city of Albany. The mortgage, with the bond accompanying the same, was assigned to the plaintiff. It has been found that the principal sum, with interest thereon from September 1, 1881, was due. The mortgage was recorded in the clerk's office of Albany county March 24, 1874. The complaint alleged that the defendant Mary B. Reid, individually and as executrix of William Reid, her husband, and also several other parties, who were made defendants in the action, had or claimed to have some interest in or lien upon the mortgaged premises, or some part thereof, which interest or lien, if any, had accrued subsequent to the lien of the mortgage.

The only defendant who answered was Mrs. Reid. She denied all the allegations in the complaint and specially denied that she had or claimed to have any interest in or lien upon the mortgaged premises which had accrued subsequent to the lien of the mortgage, but alleged that she was the owner of and had title to the premises, and that her title and ownership was paramount and superior to the lien of the mortgage. This answer raises the only question involved in the case. The referee to whom this question was referred for trial, reported

findings in accordance with the allegations of the complaint, and found that the answering defendant's interest in or lien upon the premises, if any, accrued subsequent to the lien of the mortgage. The General Term has affirmed the judgment entered upon his report. The said defendant proved that on the 31st day of July, 1874, the municipal authorities of Albany sold the premises upon a local assessment to William Reid for the term of one thousand years, and upon like assessments and for a like term of years in 1876, 1882 and 1883. Upon these sales a certificate or paper called a declaration of sale was issued to the purchaser, reciting the sale and stating that the same was subject to redemption by the owner in the manner provided by the statute and to any other claim in behalf of the city at the time of the sale for other liens or assessments. The defendant then gave in evidence two conveyances of the premises to William Reid by the county treasurer of Albany county, dated respectively June 12, 1880, and June 12, 1882, which appear to have been duly recorded.

These conveyances recite that certain water-rents and taxes levied or charged upon the said premises by the city of Albany remaining unpaid, the premises were sold in pursuance of the statute, and not having been redeemed by the owner within the period prescribed by law, the same are conveyed under the power given to the county treasurer by the statute. There is no finding and no proof in the case to show that any of the taxes or local assessments upon which the land was sold to Reid were liens upon it at the time that plaintiff's mortgage was recorded. In fact the defendant, through her counsel, having put in evidence the deeds from the county treasurer, stated that she declined to litigate the superiority of her title in this action, and no requests for findings of fact or law were submitted by the defendant to the referee. It was admitted that in 1882, after one of the sales by the county treasurer of the land to him, William Reid went into possession and remained in possession till his death, and that at the time of the commencement of this action his widow, the answering

defendant, was in possession. The case does not disclose any title whatever in Mrs. Reid. There is no finding or proof in the record that she succeeded in any way even to such title as her husband had at the time of his death, and which was derived through the sale of the land for taxes and assessments. She is described in the proceedings as the executrix of the last will of her husband, but there is neither finding nor proof that he ever made a will, and if he did the case does not show that it was proved or that it gave the defendant any interest in the premises in question. Sufficient facts were not found or proven to warrant us in assuming that she claimed or was entitled to dower in the land even if her husband ever acquired such an estate therein as was necessary to endow her. If she claims some right or interest in the premises derived from her husband, as she probably does, the case is silent as to the nature or quality of that estate or interest, or the means by which it was transferred and became vested in her. There is no finding or proof in the record connecting her with whatever title her husband obtained by the purchase of the land at the sale made by the county treasurer. As she was in possession at the time of the commencement of the action she was properly made a party defendant to an action to foreclose the mortgage. If she could allege and prove any facts showing that she was in possession under some right or title superior and adverse to the plaintiff's mortgage, then that right or title could not properly be determined in an action of foreclosure. (*Corning* v. *Smith*, 6 N. Y. 82; *Lewis* v. *Smith*, 9 id. 502; *Merchants' Bank* v. *Thomson*, 55 id. 9.)

But she failed to do this and her possession must be deemed subordinate to that of Wickes, the mortgagor, and who was the true owner when the mortgage was made and recorded. There is nothing in the record to show that even William Reid, her husband, acquired or claimed any right or title paramount to that of the mortgagor, but on the contrary, the inference is that he claimed under him as the plaintiff does, and, therefore, he, if living, could have been made a party. (*Lewis* v. *Smith*, supra; *Brown* v. *Volkening*, 64 N. Y. 76.)

It has already been pointed out that the defendant has not in any way connected herself with the title that her husband acquired under the conveyance to him made upon the tax sales, whatever that was, but if she had the question would then arise whether that title would constitute any obstacle to plaintiff's action to foreclose his mortgage. These sales and the conveyances were all subsequent in date to the delivery and record of the plaintiff's mortgage. It is not claimed, or at all events, it is not found or proved that any of the assessments or taxes, to collect which the sales were made, were liens when the mortgage was recorded and hence it is difficult to see how the plaintiff's rights can be cut off or affected by charges imposed subsequently, without notice to him, or an opportunity to redeem. By chapter 356 of the Laws of 1874, passed May 7, 1874, entitled "An act in relation to the redemption of real estate sold for the non-payment of assessments in the city of Albany" it is provided:

"§ 1. No sale for real estate hereafter made for the non-payment of any assessment in the city of Albany shall destroy or in any manner affect the lien of any mortgage thereon duly recorded, except as hereinafter provided.

"§ 2. It shall be the duty of the purchaser at such sale to give the mortgagee a written notice of such sale, requiring him to pay the amount of the purchase-money, with interest at the rate allowed by law thereon, within six months after the giving of such notice."

It was not shown by the defendant that any notice was given to the owner of the mortgage sought to be foreclosed in this action, and, therefore, his rights have not been affected by the sale, and it would not change the result even if it were true that the notice required by the statute applies to municipal assessment and not to taxes, as these assessments were included in the sum to collect which the sales were made. (*People* v. *Hagadorn*, 104 N. Y. 516.)

We do not consider it necessary to pass upon the validity or regularity of the sales made by the treasurer of Albany county and the municipal authorities of the city of Albany

to William Reid. It is enough to say that the appellant has not shown any right under these sales in this action to entitle her to a dismissal of the complaint or any other relief as against the plaintiff. The general rule is that a party who has an interest in real estate anterior to that of a mortgagor is not affected by a judgment in a suit for the foreclosure of the mortgage, though made a party under the allegation in the complaint that he has or claims some interest subsequent to the lien of the mortgage. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Barnard* v. *Onderdonk*, 98 id. 158; *Goebel* v. *Iffla*, 111 id. 170.)

Whatever right the defendant had subsequent to the mortgage is barred by the judgment in this action and she has not established any claim anterior to it that would justify the referee in granting her motion to dismiss the complaint. We think that the case was correctly decided in the court below and that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.