DUMOND v. BAKER et al.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. MORTGAGE FORECLOSURE—ADVERSE CLAIMANT—PARTIES.

One who claims adversely to the mortgagor and mortgagee and prior to the mortgage cannot, for the purpose of trying the validity of such title, be made a party defendant to an action to foreclose the mortgage.

2. SAME—SHERIFF'S DEED.

A sheriff's deed of land sold under execution relates back to the time to redeem when it is executed after said time, and one who claims under a sheriff's certificate of sale on execution made in 1865 and a sheriff's deed executed in 1885 cannot, for the purpose of trying the validity of such title, be made a party to an action to foreclose a mortgage on the same premises, executed in 1874.

Appeal from judgment on report of referee.

Action by Lewis A. Dumond against Charles L. Baker and others to foreclose a bond and mortgage. A judgment for certain defendants was rendered upon the report of the referee, and plaintiff appeals Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

W. & G. W. Youmans, for appellant.

Hun & Johnston (Marcus T. Hun, of counsel), for respondents.

PUTNAM, J. The plaintiff brought this action for the foreclosure of a bond and mortgage executed on the 6th day of August, 1874, by one Ferdinanda Baker to Merritte A. Baker, assigned to him on January 3, 1876, making the defendants Charles Spotholds, Mrs. Charles Spotholds, and Henrietta Church defendants, as parties who had or claimed to have some interest in the mortgaged premises, which accrued subsequently to the lien of the mortgage. The defendants, in their answer, admitted that they claimed an interest in the premises in question, but denied that it accrued subsequently to the execution of the said mortgage. Among his conclusions of fact the referee found "that the evidence fails to establish that prior to or at the time of the commencement of this action either the defendant Charles Spotholds or Henrietta Church had or claimed to have any interest in or lien upon said mortgaged premises, or any part thereof, which had accrued subsequently to the lien of said mortgage," and he directed a judgment in favor of said defendants dismissing the complaint, from which the plaintiff has appealed. If the above finding of the referee was supported by the evidence, the judgment directed in favor of the defendants cannot be disturbed. Fire Co. v. Lent, 6 Paige, 635; Corning v. Smith, 6 N. Y. 82, and cases cited; Holcomb v. Holcomb, 2 Barb. 20; Bank v. Cudlipp (Sup.) 37 N. Y. Supp. 248, and cases there cited. These authorities hold that in an action to foreclose a mortgage one who claims adversely to the mortgagor and mortgagee and prior to the mortgage cannot properly be made a party defendant for the purpose of trying the validity of such adverse claim or title. In Ruyter v. Reid, 121 N. Y. 498, 24 N. E. 791, it was shown that the title under which the defendant

claimed was under conveyances subsequent to the execution of the mortgage. In this case it appeared that the bond and mortgage set out in the complaint were executed on the 6th day of August, 1874. The defendants Spotholds were tenants of Henrietta Church. Her claim of title was under a judgment obtained on the 1st day of February, 1855, in favor of one Stephen Van Rensselaer against David Baker, then the owner of the premises in question, and under whom the party who executed the mortgage sought to be foreclosed claimed title. Under the judgment aforesaid the said premises were sold by the sheriff of Albany county on January 30, 1865, to James Kidd and Peter Cagger, the certificate of sale being recorded in the clerk's office of Albany county on February 6, 1865. A deed was thereafter—in December, 1885—executed to Walter S. Church, deceased, who had succeeded to the rights of said Kidd and Cagger in said premises, by Lemuel H. Rodgers, as undersheriff of said county. The defendant Henrietta Church claimed an interest in said premises under said judgment, sheriff's certificate of sale, deed from the undersheriff, and a devise in the will of said Walter S. Church. The referee found "that at the time of the commencement of this action the defendants Charles Spotholds, Mrs. Charles Spotholds, and Henrietta Church claimed an interest in said premises under and by virtue of said judgment, the sale and conveyance thereunder, and the devise contained in the will of said Walter S. Church." It is an established principle that a conveyance by a sheriff of real estate sold under execution, no matter how long it is executed after the time to redeem, relates back to that period. Reynolds v. Darling, 42 Barb. 418; Cook v. Travis, 20 N. Y. 400–402; Holman v. Holman, 66 Barb. 215–220; Wright v. Douglass, 2 N. Y. 373. As the sheriff's deed to Walter S. Church, executed in December, 1885, under which the defendant Church claimed, related back to the sheriff's sale, and was, under the statute, valid and effectual to convey all the right, title, and interest which was sold by him on the 30th day of January, 1865, we are of the opinion that the findings of fact by the referee above set out were not erroneous. The defendant's claim was under a title which accrued in 1865 on the execution and filing of the sheriff's certificate of sale, about nine years before the execution of the mortgage in question. But the plaintiff insists that, as his mortgage was executed in 1874, over 10 years after the recording of said certificate of sale, and long prior to the execution of the sheriff's deed to Walter S. Church, such deed was void as to the mortgagee (Reynolds v. Darling and Cook v. Travis, supra); and he insists that in this action, brought to foreclose said bond and mortgage, the question of the validity of the defendant's claim of title under the aforesaid deed and certificate of sale could be adjudicated and passed upon. We think this contention of the plaintiff cannot be sustained. As held in the authorities above cited, and as said by Harris, J., in Holcomb v. Holcomb, supra (page 23): "The mortgagee, on filing a bill of foreclosure, has no right to make one who claims adversely to the title of the mortgagee and prior to the mortgage, a defendant in a suit for the purpose of contesting the validity of such adverse claim

of title." The question of the validity of the defendant's claim was not before the referee, and cannot be passed upon by this court. The only matter to be determined in the action was whether the interest which the defendants had or claimed to have in the mortgaged premises accrued before or subsequent to the lien of the mortgage. Under doctrines laid down in Reynolds v. Darling, and Cook v. Travis, supra, if the bond and mortgage in question were taken by the mortgagee in good faith, for value, and without notice of the previous sheriff's sale of the mortgaged premises to Kidd and Cagger, it may be that the title of the plaintiff under the mortgage to the premises in question is superior to that of the defendant therein under the sheriff's deed and certificate of sale; but, as above suggested, and as held by the authorities above referred to, the referee was not authorized in the action to try and pass upon the question of the validity of the defendant Church's adverse claim of title.

The judgment should be affirmed, with costs. All concur.