(35 Misc. Rep. 535.)

### CATLIN v. REA et al.

(Supreme Court, Special Term, Erie County. July, 1901.)

1. FORECLOSURE—DEED OF REFEREE.
   A referee, within 20 years after judgment in foreclosure, may execute a deed of the premises as against the mortgagor's widow claiming dower.

2. SAME—VALIDITY.
   The deed of a referee in foreclosure conveys title though no report of the sale was ever filed, and publication of notice of sale was not shown except by the recitals in the deed.

3. SAME—ACCEPTANCE BY HEIRS OF PURCHASER.
   A referee's deed on foreclosure made to the purchaser at the sale, who was deceased at the time of its execution, "her heirs and assigns, forever," is valid, where the sale and the payment of the bid are recited in the deed, and the heirs show acceptance of the deed by subsequently conveying the premises.

4. SAME—TITLE OF PURCHASER—INVALID DEED.
   Though a referee's deed on foreclosure sale is invalid, but the grantee of the purchaser enters into possession, and remains therein undisturbed by any claim under the mortgage for 17 years, the present holder of the title is an assignee of the mortgage in possession, against whom ejectment will not lie.

Action by Harriet N. Catlin against Samuel Rea and Joseph John-son. Motion to set aside order dismissing complaint and for a new trial. Denied.

Henry A. Dann, for the motion.
Louis L. Babcock, opposed.

KENEFICK, J. This is an action in ejectment to recover posses-sion of certain real estate in the city of Buffalo, lying between the Buffalo and Hamburg turnpike and Lake Erie. Philander B. Catlin acquired title to this land in the year 1857. The premises were then subject to the lien of a mortgage given by a prior owner of the land, in 1851, to one Reuben B. Heacock. An action to foreclose this mortgage was instituted in 1863 by the executors of the mortgagee, and Catlin and the plaintiff herein, his widow, were made parties defendant, and personally served with summons and notice of object of action therein. No defense was interposed to the action. A referee was appointed to compute the amount due, and upon the com-ing in of the referee's report a judgment of foreclosure and sale was granted on the 26th day of October, 1863, wherein one Joseph L. Fair-child, a counselor at law, was appointed referee to sell the premises. The foregoing facts appear from the records put in evidence in the case. So far as the evidence discloses, no report of sale was ever made by the referee, nor was any order confirming a report of sale ever granted or entered. About 18 years after the entry of the judg-ment of foreclosure, the referee executed a deed of the premises to Eliza C. Heacock, who was then dead, which deed is dated November 23, 1863, and is acknowledged September 16, 1881, and recorded Sep-tember 21, 1881. This deed, after setting out the judgment of fore-closure, recites that the referee, in pursuance thereof, sold the prem-ises on the 23d day of November, 1863, at public auction; that due notice of the time and place of such sale was first given, and that the premises were fairly struck off to the grantee named in the deed for the sum of $25, that being the highest sum bidden for the same; and that the referee, in order to carry into effect the said sale, and in consideration of the payment to him of the money so bidden as aforesaid, the receipt of which is acknowledged, granted and con-veyed the premises to the said Eliza C. Heacock, "her heirs and as-signs, forever." Subsequently, and by deed dated January 14, 1882, the heirs of said Eliza C. Heacock conveyed the premises to one Emma Slade, through whom the defendant Rea, by mesne convey-ances, derives his title. The plaintiff herein claims the legal title to said land by virtue of her alleged dower therein as widow of Philander B. Catlin, and by virtue of a deed from the heirs of said Philander B. Catlin, bearing date November 30, 1899, and purporting to convey the premises to her. The land in question is described by all of the witnesses as swamp land, on which some willows and underbrush grew. It does not appear to have been occupied by any person until the year 1885, when Mrs. Slade erected a pier or dock extending from the shore into the lake, for the removal of sand from the premises. The land was occupied for this purpose during the

years 1885 and 1886, and then the business was discontinued. The plaintiff's claim, in substance, is that the referee's deed purporting to convey the premises to Eliza C. Heacock, is a nullity, and that, as more than 20 years have elapsed since said mortgage became due, and since the entry of said judgment of foreclosure, a presumption of payment of said mortgage and a satisfaction of said decree accrues by operation of law. Two objections are urged to the validity of the deed, viz.: First, that the referee had no power to execute it 18 years after the entry of the judgment and the alleged sale of the premises; second, that the grantee named in the deed was dead at the time of its execution, and therefore there was no delivery of the deed. We will examine these objections in the order in which they are stated.

There is no provision of law prescribing when the referee shall execute this conveyance. It is contended, therefore, that it was his duty to execute it within a reasonable time, and, failing to do so, an application should be made to the court for authority to execute it. Under this rule it is urged that the referee had no power to execute the deed in question. In passing, it may be observed that, if the deed is valid, it conveys title, notwithstanding the fact that no report of sale was filed, and that there is no proof, except the recital in the deed, that notice of sale was published as required by law. Farrell v. Noel, 17 App. Div. 319, 45 N. Y. Supp. 207. Plaintiff relies upon the case of Rucker v. Dooley, 49 Ill. 377, 99 Am. Dec. 614, to sustain the rule of reasonable time. In that case it was held that a sheriff had no power to execute a deed eight years and three months after a sale on execution, without applying to the court for authority to do so. The court fixes the above limitation by adding to the period for redemption, viz. 15 months, the time during which the judgment remains a lien, viz. 7 years. This rule has, however, never been recognized in this state, and the courts have assumed the validity of sheriffs' deeds on sales under execution where much longer periods of time have elapsed between the sale and the delivery of the deed. In Reynolds v. Darling, 42 Barb. 418, a period of almost 20 years had intervened; in Cook v. Travis, 20 N. Y. 400, a period of 33 years; in Dumond v. Church, 4 App. Div. 194, 38 N. Y. Supp. 557, a period of about 20 years. The present case, however, is not a sale under an execution, but under a decree of foreclosure. Such a decree is deemed simply an additional security for the debt already secured by the mortgage, and until the lapse of 20 years no presumption of payment of the debt or satisfaction of the decree accrues. Barnard v. Onderdonk, 98 N. Y. 158. It follows, therefore, that, as against the plaintiff, who virtually represents the mortgagor, the referee had full power within 20 years to execute the deed pursuant to the direction contained in the judgment of foreclosure.

We now turn our attention to the second objection, viz. that the deed was a nullity, in that the grantee was dead at the time of its execution. The general rule is that a deed of a present estate to a party not living at the time of its execution is void. Jackson v. Phipps, 12 Johns. 418. In Missouri, where the statute authorized the sheriff to make a deed to the "purchaser" of real estate sold by

him under execution, it was held that, where a purchaser dies after paying the purchase price, but before the execution of the sheriff's deed, the deed is properly made to the heirs. Swink v. Thompson, 31 Mo. 336. Our Code of Civil Procedure makes express provision for such a contingency in sales on execution:

"Where a person, entitled to a deed, dies before the delivery of the deed, the sheriff must execute and deliver the deed to his executor or administrator. The property so conveyed must be held in trust for the use of the heirs or devisees of the decedent, subject to the dower of his widow, if there is one; but it may be sold, in a proper case, for the payment of his debts, in the same manner as land, whereof he died seized." Section 1473.

In the absence of a statute governing the practice in sales on foreclosure, the deed should run to the executor or administrator of the deceased person, in conformity with the practice prescribed for deeds on execution sales. I am of the opinion, however, that this deed, in the form in which it is executed, may be upheld. The substantial title of the mortgagor passed to the purchaser at the time of the sale and the payment of the bid, and the recitals in the deed as to such sale and payment may be accepted, in the absence of contradictory evidence, as conclusive proof thereof. The execution of the deed was a ministerial act, which could have been compelled by the purchaser, or those claiming under him. By the doctrine of relation the execution and delivery of the deed may relate back to the time when the purchaser was entitled thereto. Jackson v. Bull, 1 Johns. Cas. 84; Demarest v. Wynkoop, 3 Johns. Ch. 146. It is further to be noted that the heirs of the grantee, by their subsequent conveyance to Emma C. Slade, indicated their acceptance of the deed. Again, what right has the plaintiff, standing in the place of the mortgagor, to question to whom the referee's deed shall run? A valid judgment having been granted, and a valid sale having occurred, the mortgagor was completely devested of his equity of redemption. The foregoing views necessarily lead to a denial of this motion. If, however, they are not sound, there is another aspect of the case which leads to the same result. Assuming that this referee's deed can have no force or effect as a deed, yet the recitals therein as to the sale, the purchase by Eliza C. Heacock, and the payment of the purchase price must be accepted as proof of those facts. Eliza C. Heacock therefore acquired all the rights of the mortgagee, and became, in effect, an assignee of the mortgage. Her heirs subsequently conveyed all their rights therein to Emma C. Slade, who entered into actual possession of the premises under this conveyance, and from the time of such conveyance, in 1882, down to the deeding of the premises to Albright, the defendants' grantor, in 1900, paid the taxes thereon. It does not appear that the mortgagor or his heirs ever exercised any acts of ownership over the land subsequent to the judgment of foreclosure until about the year 1899, when the plaintiff attempted to take possession. It thus appears that the assignee of the mortgagee, acting under color of the referee's deed to Eliza C. Heacock and the subsequent deed from her heirs, entered into possession of the lands, and remained in undisputed possession until just prior to the commencement of this action. These circumstances fairly warrant the finding

of an implied consent of the mortgagor to such possession, and thus the defendants, by acquiring all the rights of Emma C. Slade, became the assignees of the mortgage in possession, against whom an action of ejectment will not lie. Wing v. Field, 35 Hun, 617; Van Duyne v. Thayre, 14 Wend. 233; Phyfe v. Riley, 15 Wend. 248, 30 Am. Dec. 55; Finn v. Lally, 1 App. Div. 411, 37 N. Y. Supp. 437; Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891; Lockwood v. McBride, 53 N. Y. Super. Ct. 268. The motion for a new trial is denied.

Motion denied.