(38 Misc. Rep. 652.)

## DIXON v. DIXON et al.

(Supreme Court, Special Term, New York County. September, 1902.)

1. PARTITION—ADVERSE CLAIMS.

Under Code Civ. Proc. § 1543, the entire question of title may be put in controversy and determined in partition, so that not only the rights of co-tenants, but also those of a stranger to the title, claiming as assignee of a sheriff's certificate on sale under execution, may be passed on.

2. EXECUTION SALE—VALIDITY.

An execution sale will not be held invalid after 45 years because the sheriff sold under an execution which incorrectly stated the date when the judgment was docketed in the county where the premises were situated, nor because he sold them as a whole, when he should have sold them in parcels.

3. SAME—CERTIFICATE—SHERIFF'S DEED.

Where a certificate on execution sale had been issued after 40 years, and the purchaser had died intestate, and no administrator had ever demanded a deed under Code Civ. Proc. §§ 1472, 1473, providing for a conveyance by the sheriff to the last assignee of the certificate of sale, and that, where a person entitled to a deed dies before its delivery, the sheriff must execute and deliver a deed to his executor or administrator, to hold in trust for the use of the heirs or devisees, a sheriff's successor in office may lawfully execute a deed to the assignee of the heirs of the owner of the certificate, such deed relating back to the time of the sale.

Action by Elmer B. Dixon against Elizabeth Dixon and others. Complaint dismissed.

James Kearney, for plaintiff.

Vernon M. Davis, for infant defendants.

Randolph B. Martine, Jr., for defendants widow and adult heirs of George A. Dixon.

Samuel R. Taylor, for defendant Mary M. Bickford.

Moses J. Sneudaira, for defendant Mary E. Bird.

John H. Rogan, for defendants Dixon and others.

CLARKE, J. Action for partition. The property in question is located in the former town of West Farms, Westchester county, annexed to the city and county of New York by the annexation act of 1873. It was conveyed to Joseph Dixon, father of the plaintiff, by warranty deed of Samuel Marriott and wife, dated June 7, 1852, acknowledged July 12, 1852, and recorded in the clerk's office of Westchester county April 3, 1854. Joseph Dixon died intestate in 1894, and all of his heirs at law are parties to this suit, and no question arises between them as to their several rights and interests. On April 4, 1853, Joseph Dixon confessed judgment in favor of Casper J. Schmidt for $5,006.75, and said confession was docketed in New York county April 9, 1853. A transcript of said judgment was filed and docketed in Westchester county January 20, 1855. March 8, 1855, an execution was received by the sheriff of Westchester county on said judgment, which, after properly stating the date of the docketing in New York county, erroneously stated the date of the docket in Westchester county to be April 9, 1853,—the date of the New York docket,—instead of January 20, 1855, and directing him to

satisfy the amount remaining unpaid on said judgment, $401.54; "if sufficient personal property cannot be found, then out of the real property in your county belonging to said judgment debtor on the day when the said judgment was so docketed in your county, or at any time thereafter." April 26, 1855, the sheriff, A. H. Lockwood, sold under said execution to Casper J. Schmidt "all the right, title, and interest of the said defendant, Joseph Dixon, of which he was seised or possessed on the 9th day of April, 1853, or at any time afterward, in and to" the property in question, and issued to him a certificate of sale, which, among other things, certified "that the said purchaser will be entitled to a conveyance for the said premises on the 26th day of July, 1856, unless the same shall be sooner redeemed." The said certificate was filed and recorded in the Westchester county clerk's office May 1, 1855. The execution was returned satisfied, to the extent of $84, April 26, 1855, and said execution and return were filed with the clerk of New York county May 21, 1855. The property consisted of four vacant and unimproved lots, and so they have continued to the present day. March 21, 1861, said Casper J. Schmidt died intestate. November 4, 1897, this action was commenced. The original summons, setting forth the heirs of Joseph Dixon, named as defendants "Casper J. Schmidt, sometimes called or designated Casper I. Schmidt, if living, and all persons unknown having or claiming to have an interest in the real property described in the complaint in this action; such unknown persons or owners being herein designated as the heirs at law, next of kin, devisees, legatees, grantees, assignees, and legal representatives of said Casper J. Schmidt sometimes called and designated Casper I. Schmidt, if any, all of whom, and whose names, except as stated, are unknown to the plaintiff." The complaint sets forth the judgment, levy, sale, and issuance of the certificate as above, and alleged certain irregularities in the proceedings. Plaintiff demanded appropriate relief as in a partition action, and also that neither Schmidt, nor any person claiming under him "by virtue of said judgment, execution, or alleged sheriff's sale, or certificate of sale," ever had or now has any right, title, interest, or estate in said property; that the execution, the sale, and the return be declared null and void, vacated, set aside, and canceled; and that all the indices and records thereof be canceled. On July 23, 1898, Joseph W. Schmidt, August W. Schmidt, Gertrude B. Cornell, Theo. S. Schmidt, Anna E. Snyder, and Francis A. Guile, and on July 26, 1898, F. G. Schmidt, heirs of Christian J. Schmidt, each in consideration of $5 paid to each, and the further sum of $25 theretofore paid to each of them for the assignment of said judgment in Schmidt v. Dixon, assigned all their right, title, and interest in and to said certificate of sale executed by A. H. Lockwood, late sheriff of Westchester county, to the said Casper J. Schmidt, on April 26, 1855, to Mary M. Bickford. Said assignments were filed in the Westchester county clerk's office August 2, 1898. On August 4, 1898, William V. Molloy, then sheriff of Westchester county, executed and delivered a deed to Mary M. Bickford of the property in question, which, among other recitals, sets forth that he did so in pursuance of an order of the supreme

court of the state of New York, made and entered at a special term of the said court held in and for the county of Kings on the 3d day of August, 1898, in said action. Said deed was recorded in the office of the register of New York county August 4, 1898. On or about September 14, 1898, Mary M. Bickford interposed an answer herein, setting up the statute of limitations against the causes of action set forth in the fifth and sixth paragraphs of the complaint; also setting up her title by the assignment and deed hereinbefore set forth, and alleging that she "is the sole owner, seised in fee simple, in possession of said property, and that neither said plaintiff nor any of the defendants have any right, title, or interest therein whatsoever," and demands the dismissal of the complaint. The property, though never improved, seems now to be of some value. The city has taken a strip of it in street-opening proceedings, and an award to "unknown owners" has been made therefor of $5,000, and the balance is testified to be worth $17,500.

There is no evidence in this case that from the time of the issuance of the sheriff's certificate of sale, April 26, 1855, down to the commencement of this action in 1897, either Joseph Dixon or his heirs, on the one side, or Casper J. Schmidt or his heirs, on the other, ever physically occupied or used in any way this property. The question of possession, then, is a matter of legal presumption. Each invokes the aid thereof, and of the statute of limitations. The defendant Bickford raises the point that this question of title, as between herself and the heirs of Dixon, cannot be tried in an action for partition, and moves for a dismissal of the complaint. Since the enactment of section 1543 of the Code of Civil Procedure, the entire question of title may be put in controversy and determined in an action for partition. It is well established that all disputes between plaintiff and his co-tenants, involving their respective titles and rights of possession, may be so determined. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Drake v. Drake, 61 App. Div. 1, 70 N. Y. Supp. 163. The language of the Code, and the reasoning used in construing it, apply equally as well to an adverse claim of title made by a stranger as to such claim by a co-tenant. In the Drake Case it is said:

"The reasoning of the learned court in Weston v. Stoddard applies with equal force * * * to all cases where the only obstacle to partition is an alleged title, which is challenged, and possession under it, and which being out of the way, partition would follow as a matter of course."

The right to a jury trial is preserved, for it is provided by section 1544 of the Code of Civil Procedure that an issue of fact joined in the action is triable by a jury, and, had either party demanded trial by jury, the action would have been sent to trial term. To require that another action be brought and independently tried by a jury, or that another suit in equity be brought, to remove a cloud upon his title, would defeat the very purpose of the Code provision, which is to prevent circuity of procedure and multiplicity of suits. The obvious purpose of the action is to enable a party who claims an interest in the property to clear the title and obtain partition in one

action. In Collins v. Collins (Sup.) 13 N. Y. Supp. 28, 31, Judge Merwin says:

"Any title subservient to the rights of the real owners must necessarily be determined, and, if a cloud, it must be dispelled, in order to complete determination of the matter. Under section 1543 of the Code, the title or interest of the plaintiff, as well as that of the defendants, can be controverted and determined in an action of partition. The design of that section was to allow the whole controversy to be settled in one action."

It was held in Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835, that where a plaintiff in partition knows that a third person claims an interest in the subject-matter, but does not know the nature, extent, or merits of the claim, these facts may be stated, and the claimant called in as a party and required to disclose his alleged interest. In Biglow v. Biglow, 39 App. Div. 103, 56 N. Y. Supp. 794, the complaint alleged that certain of the defendants "claim to have some right, title, or interest in said property adverse to that of the plaintiff, the exact nature of which is unknown to plaintiff, and which is a cloud upon the title." Judgment was demanded that the rights and interests of all the parties to the action be ascertained and determined; that said defendants be adjudged to have no interest in the property, although they averred that they were the owners in fee of the premises. The court at special term ordered a sale of the property free from any claim of said defendants, and, in giving judgment in affirmance, the appellate court said:

"The appellants cannot, we think, justly complain of the form of the action. * * * The provisions of sections 1537 to 1543 of the Code of Civil Procedure have been construed to mean that all parties having or claiming to have an interest in real estate may be made parties to an action of partition, and that all controversies as to the title may be disposed of in the action." Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230, affirmed in 146 N. Y. 363, 41 N. E. 88.

It therefore becomes necessary to determine whether the title to the premises in question is in the plaintiff and the other heirs of Joseph Dixon, or in the claimant under Casper J. Schmidt, the purchaser at the execution sale in 1855. The claim of title made by the defendant Bickford depends upon the doctrine of relation. The lapse of long periods of time between the issuance of the certificate and the delivery of the deed does not defeat the title of the purchaser, which may become perfected upon the delivery of the deed at any time, and title thereupon relates back to the time of the original sale. Reynolds v. Darling, 42 Barb. 418; Cook v. Travis, 20 N. Y. 400; Dumond v. Church, 4 App. Div. 194, 38 N. Y. Supp. 557; Catlin v. Rea, 35 Misc. Rep. 535, 71 N. Y. Supp. 1117. At the time the certificate is issued, the owner is not disseised, and the title and right to possession remain in the execution defendant. The title does not pass by filing the sheriff's certificate, nor does the estate of the debtor become vested in the purchaser by mere lapse of the time of redemption, but only by the sheriff's conveyance under the statute. In Smith v. Colvin, 17 Barb. 157, the court says, "The deed, when executed, will be good, by relation, and cover the intervening period from the sale." Holman v. Holman, 66 Barb. 215. If, therefore, the sale was regular, and a deed has been properly executed and

delivered, the title has become vested in the claimant under the purchaser, and the plaintiff must fail in this action; but if the sale was so irregular that the purchaser acquired no right to an estate thereby, or if the conveyance by the sheriff is defective, so that the inchoate right acquired at the sale has never been perfected, the doctrine of relation cannot be applied, and the plaintiff and defendants, heirs of Dixon, would be entitled to partition.

The plaintiff urges that such irregularities in the sale are shown as to avoid the sale. The only irregularities of which any proof was presented on the trial are:

First, an erroneous statement in the execution, under which the property was sold, of the date of the docket in Westchester county; naming instead the date of the previous docket in New York county. Such irregularity does not render the sale void. In Clute v. Emmerich, 21 Hun, 122, 129, the same objection was made, and the court said:

"It would be a technical and constrained construction to hold that such a mistake would be fatal to the sale and deed, when it is manifest that all the interest possibly sold or conveyed by it would be that possessed by Hall [the judgment debtor] on the date of the docketing in New York, or at any time subsequently. Nobody could be misled or injured by such a mistake, and it is the duty of the court to disregard it."

The second irregularity is the sale of the property by the sheriff in one parcel, instead of separately in four parcels. The provisions of 2 Rev. St. p. 369, § 38, which provides that "each lot, tract or parcel must be separately exposed for sale," has been held to be directory only. Cunningham v. Cassidy, 17 N. Y. 276. The sheriff's duty is to sell according to the statutory provision, but his failure to do so does not render the sale void, but only voidable. It is now too late, after 45 years have elapsed, to avoid the sale because of such irregularity.

It only remains to determine whether a deed has been properly executed and delivered. The plaintiff contends that the only person entitled to a deed would be the administrator or executor of the deceased owner of the certificate. Section 1473 of the Code of Civil Procedure provides:

"Where a person, entitled to a deed, dies before the delivery of the deed, the sheriff must execute and deliver the deed to his executor or administrator. The property so conveyed must be held, in trust for the use of the heirs or devisees of the decedent, subject to the dower of his widow, if there is one; but it may be sold, in a proper case, for the payment of his debts, in the same manner as land, whereof he died seized."

The obvious reasons for requiring the deed to be given to the executor or administrator are to obviate all contention with the sheriff over claims to the deed, by providing an officer of the court to take the property for the benefit of the heirs, and to protect the interests of the creditors as stated in the statute. The purchaser of the certificate at the judgment sale died intestate in 1861, and there is no evidence before me of any outstanding claims against his estate. It does not appear whether or not an administrator was ever appointed. The statute provides that the deed must be delivered to such officer, but in his absence the Code is silent. I am of the opinion that the

provision is not exclusive, and that, where no administrator has demanded a deed for over 40 years, the sheriff may, under circumstances presented in this case, execute and deliver a deed to the assignee of the heirs of the holder of the certificate of sale. Section 1472 of the Code of Civil Procedure provides for a conveyance by the sheriff to the last assignee of the certificate of sale. The sheriff in this instance, under direction of the court, has executed and delivered a deed to the defendant Bickford upon her filing assignments to her of the interest of the heirs of the deceased holder of the certificate. An inchoate estate in this property passed to the heirs upon the decease of the owner of the certificate of sale, and they became entitled to the beneficial interest therein. They have assigned all their rights to the defendant Bickford, and, should an administrator receive a deed, he would, under the statute, hold it in trust for her use. In this instance there is no advantage in or necessity for the creation of such trust, and, were it created, it would at once be executed by the real property law governing uses and trusts, as by the delivery of the deed the right to both possession and profit is intended to be vested in the holder of the certificate. The defendant Bickford, as holder of the certificate of sale, was prima facie entitled to a deed, and no facts have been presented to defeat her right. Whether any third persons have any liens upon the property subject to which it may pass into her hands need not be here determined, as it in no way affects the title. As the deed has been properly executed and delivered by the sheriff, the title has thereby been perfected, and relates back to the time of the original sale. The title to the property sought to be partitioned not being in the plaintiff and his alleged co-tenants, the complaint must be dismissed, with costs to defendant Bickford.

Complaint dismissed, with costs to defendant Bickford.